Maurizio **PERCAN**, Petitioner,

v.

**UNITED STATES OF AMERICA,**
**Respondent.**

No. 02 Civ. 7327(VM).

United States District Court,
S.D. New York.

Dec. 9, 2003.

---

Marcia G. Shein, Decatur, GA, for Petitioner.

Mylan L. Denerstein, Assistant United States Attorney, Mary Jo White, United States Attorney Criminal Division, New York City, for Respondent.

### DECISION AND ORDER

MARRERO, District Judge.

Petitioner Maurizio Percan ("Percan") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (" § 2255") seeking to vacate his sentence following conviction at trial. Percan was convicted of various counts relating to the interstate transportation of stolen goods, money laundering, and conspiracy to commit these crimes. According to Percan, his counsel was ineffective during his sentencing proceedings and on appeal. The Government opposes Percan's motion on the grounds that he has failed to make the requisite showing for a claim of ineffective assistance of counsel. For the reasons set forth below, Percan's writ is denied.

## I. FACTUAL BACKGROUND

Percan was indicted on 17 counts charging criminal violations relating to the interstate transportation of stolen goods, money laundering, and conspiracy to commit these crimes.[1] (See Indictment 98 CR 392, S.D.N.Y., dated April 27, 1998.) Specifically, Percan was accused of participating in a conspiracy to steal and resell automobile airbags, and to launder the proceeds of such sales utilizing a corporate bank account. (See id.) Percan was convicted on all 17 counts at the conclusion of a jury trial in September 1999 in which Judge Alan Schwartz presided.

Prior to sentencing, the United States Probation Department ("Probation") issued a Pre–Sentence Report (PSR) to assist Judge Schwartz in sentencing Percan pursuant to the United States Sentencing Guidelines (USSG). (See Percan Pre–Sentence Report, dated Dec. 15, 1999, ("Percan PSR").)[2] The PSR assigned Percan a Criminal History Category of II based on his criminal history that revealed three prior offenses. Based on these calculations, the PSR determined the guideline

---

1. The Indictment also charged five additional individual defendants and a corporate defendant, none of which is implicated by the present motion.

2. A revised PSR that noted the defendant's objections was issued on March 3, 2000.

range of incarceration under the USSG to be 108–135 months. (*See* Percan PSR at ¶ 114.) On March 10, 2000, Judge Schwartz heard lengthy arguments from Percan's attorneys and the prosecutor regarding the correctness of the PSR and of Percan's eligibility for a downward departure from the applicable Sentencing Guidelines. (*See* Sentencing Transcript, *United States v. Maurizio Percan and All In One Auto,* No. 98 CR 392, S.D.N.Y. March 10, 2000 ("Sen.Tr.") at 19:6–59:18.) Judge Schwartz rejected all of defense counsel's arguments for downward departure and sentenced Percan to 108 months in prison. (*See id.* at 65:7–76:22; 78:21–79:2.)

Percan subsequently appealed to the Second Circuit with new counsel challenging his sentence on the grounds that the district court erred by: (1) failing to group the transportation of stolen goods charges with the money laundering charges, which would have avoided the two-level increase in his offense level; (2) not granting a downward departure in light of the fact that Percan's money laundering conduct was outside the "heartland" of money laundering activities;[3] and (3) adopting the PSR's finding that his offense level should be increased by four points because he led a group of five or more people in an organized criminal activity. *See United States v. Kalust,* 249 F.3d 106 (2d Cir.2001). With regard to Percan's first argument, the Second Circuit held that under its decision in *United States v. Napoli,* 179 F.3d 1 (2d Cir.1999), the district court was correct in not grouping the transportation of stolen goods offenses with the money laundering offenses because these offenses have separate victims. *See Kalust,* 249

F.3d at 108–110. The Second Circuit declined to review Judge Schwartz's refusal to grant a downward departure because the refusal did not involve any of the instances when review is proper. *See id.* at 110. Finally, the Second Circuit affirmed Judge Schwartz with regard to the four-point increase in the offense level based on Percan's role in the criminal activity. *See id.* at 111.

In seeking to vacate his sentence in the instant motion, Percan argues that his counsel at trial was ineffective for various reasons. First, Percan asserts that his attorney never advised him that a conviction after trial would result in a substantially longer sentence than he would have received had he pled guilty and avoided a trial. (*See* Petitioner's Motion Under 28 U.S.C. 2255, filed Sept. 12, 2002 ("Percan Motion"), at 5–8.) Second, Percan states that prior to the Court imposing sentence, counsel failed to argue that: (1) the PSR overstated his past criminal activity; (2) Percan's extraordinary acceptance of responsibility made him eligible for a downward departure; (3) the Court should grant a downward departure because Percan's money laundering was not in the "heartland" of money laundering activities; (4) the PSR incorrectly calculated the amount of money Percan laundered; and (5) a downward departure was warranted when considering all these factors collectively. (*See id.* at 8–18, 19–20.) Finally, Percan argues that his appellate counsel was ineffective for failing to argue to the Second Circuit that his trial counsel was ineffective. (*See id.* at 18.) The Government opposes Percan's writ and argues

---

**3.** The "heartland" argument used in connection with money laundering asserts that a downward departure may be warranted when the money laundering committed is not a more common type of money laundering activity than was contemplated by the Sentencing Guidelines. This argument has been sig-

nificantly limited by recent Second Circuit precedent. *See, e.g., United States v. Thorn,* 317 F.3d 107, 126–27 (2d Cir.2003); *United States v. McCarthy,* 271 F.3d 387, 401–02 (2d Cir.2001); *United States v. Sabbeth,* 262 F.3d 207, 219–20 (2d Cir.2001).

that Percan has not met the requirements for a claim of ineffective assistance of counsel.

## II. *DISCUSSION*

### A. *THE APPLICABLE LEGAL STANDARDS*

■ Section 2255 enables a prisoner in federal custody to file a motion with the sentencing Court to "vacate, set aside or correct the sentence" if such sentence is imposed by a court lacking jurisdiction, is in violation of the United States Constitution or United States law, was excessive under applicable law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. Because none of the first three conditions applies in this case, Percan's § 2255 motion falls under the fourth "catch-all" basis of collateral attack on his sentence. In order to collaterally attack a sentence under § 2255, a criminal defendant must demonstrate "an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)) (internal quotations omitted).

■ A claim of ineffective assistance of counsel requires a criminal defendant to demonstrate that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requirement entails overcoming a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotations and citations omitted).

At this stage, a court must look to the totality of the circumstances to determine whether counsel "failed to exercise the skills and *diligence* that a reasonably competent attorney would provide under similar circumstances." *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir.1996) (citing *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052) (italics in original). There are no specific rules or guidelines by which a court must weigh counsel's conduct. Rather, the standard is "reasonableness under prevailing professional norms." *Wiggins v. Smith*, — U.S. ——, ——, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citation omitted).

■ Once this showing has been made, the defendant must then demonstrate prejudice by showing a reasonable probability that counsel's error changed the result of the proceeding. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *accord United States v. Feyrer*, 333 F.3d 110, 119 (2d Cir.2003); *United States v. Campbell*, 300 F.3d 202, 214 (2d Cir.2002) (stating that both *Strickland* prongs must be met in order for a petitioner to prevail on an ineffective assistance of counsel claim). A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

■ A finding of prejudice means that the attorney's performance has prevented a fair trial and rendered the result of the trial unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). As the United States Supreme Court noted:

[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or un-

reliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Id.* at 369–70, 113 S.Ct. 838 (internal footnote omitted). Furthermore, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Aeid v. Bennett,* 296 F.3d 58, 63 (2d Cir. 2002) (citations omitted). Thus, the "prejudice" component of the *Strickland* test is not limited to an outcome determinative inquiry. Rather, it focuses on the impact of counsel's performance on the overall integrity of the proceeding. The determination under the second *Strickland* prong is made with the benefit of hindsight, unlike the first prong, which is determined under the circumstances at the time of the representation. *See Lockhart,* 506 U.S. at 372, 113 S.Ct. 838; *see also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002); *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir.1994). A showing of ineffective assistance of counsel under *Strickland* implicates a criminal defendant's right to counsel under the Sixth Amendment of the United States Constitution. *See Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001) ("Occasionally, the performance of defense counsel is so dismal that it ripens into the deprivation of counsel altogether and potentially violates the defendant's Sixth Amendment rights.").

 Within the realm of counsel's duty to render effective assistance is the duty to communicate any government plea offers to the defendant. *See Pham v. United States,* 317 F.3d 178, 182 (2d Cir. 2003); *Boria v. Keane,* 99 F.3d 492, 498 (2d Cir.1996). This duty extends to providing professional advice on whether to accept or decline an offer by the Government and the resulting consequences. *See*

*Purdy v. United States,* 208 F.3d 41, 45 (2d Cir.2000) ("As part of this advice, counsel must communicate to the defendant the terms of the plea offer ..., and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed ....") (citations omitted); *Cullen v. United States,* 194 F.3d 401, 404 (2d Cir.1999). The ultimate decision whether to plead guilty, however, lies with the defendant. *See Purdy,* 208 F.3d at 45.

Criminal defendants asserting ineffective assistance of counsel are required to satisfy these two substantial hurdles under *Strickland* in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 ("The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense."); *see also Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (referring to the *Strickland* test as "highly demanding"). Accordingly, in order to grant Percan's writ under § 2255, the Court must be persuaded that he has satisfied both *Strickland* prongs.

### B. *APPLICATION*

Against this legal backdrop, the Court considers each of Percan's arguments in turn.

#### 1. *Consequences of Not Accepting A Plea Agreement*

 Percan asserts that his counsel failed to advise him of the difference in the

sentence exposure between pleading guilty and being convicted after trial. According to Percan, his counsel advised him that there would be no difference in his sentence under either scenario. (Percan Motion at 5–6.) In opposition, the Government has proffered sworn declarations by Percan's trial counsel and his attorney-assistant, attesting that they indeed told Percan that if convicted after trial, he faced a sentence of approximately 120–144 months as opposed to a sentence of 72 months if he accepted the Government's plea offer. (Government's Memorandum Of Law In Opposition, dated Nov. 7, 2002 ("Govt.Opp."), Exs. A & B). Because this determination turns on off-the-record discussions between attorney and client, the Court must ultimately make a credibility determination based on the parties' submissions and the surrounding circumstances. Although the fact that Percan's statements are self-serving, not under oath and unsubstantiated is not dispositive, the Court takes this consideration into account in light of all the circumstances. *See Purdy v. Zeldes,* 337 F.3d 253, 259 (2d Cir. 2003) (stating that petitioner's self-serving statements should not be rejected solely because they are unsubstantiated, but rather, should be considered will all the relevant circumstances) (citation omitted).

When considering Percan's unsubstantiated statements on this point, and Percan's other assertions in his motion that are directly contradicted by the record (discussed *infra*), the Court finds not credible Percan's claim that his counsel failed to tell him of the consequences of proceeding to trial. The Court finds the Government's documentary evidence on this issue credible and persuasive. *See Chang v. United States,* 250 F.3d 79, 84–86 (2d Cir.2001) (affirming the district court's decision to deny defendant's § 2255 motion based solely on the parties' sworn written statements). In his reply to the Government's opposition, Percan does not even mention, much less attempt to discredit, the sworn statements of his counsel. Accordingly, the Court is not persuaded that Percan has rebutted the "strong presumption" under *Strickland* that his trial counsel provided effective assistance. *See Purdy,* 337 F.3d at 259 ("[I]n most circumstances a convicted felon's self-serving testimony is not likely to be credible.").

■■■■ Even if Percan's counsel failed to advise him of the consequences of rejecting the Government's plea offer, Percan must still demonstrate that the outcome would have been different, that is, that he would have pled guilty had his attorneys informed him the risks of rejecting the Government's offer. *See Aeid v. Bennett,* 296 F.3d 58, 64 (2d Cir.2002) (rejecting an ineffective assistance of counsel claim, despite counsel's misinformation, because defendant failed to show that his decision would have been different). Prejudice in this context may be presumed in certain instances, for example, if the defendant had been denied counsel entirely or during a critical stage of the proceeding. *See Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). Also, prejudice may be presumed when defense counsel commits an error involving the defendant's sentence exposure and there is a significant difference between the erroneous information and the correct sentence the defendant faced. *See, e.g., Mask v. McGinnis,* 233 F.3d 132, 141–42 (2d Cir.2000) (finding prejudice in the difference between counsel's erroneous estimate of 10 years to life under a plea agreement and an actual sentence exposure of 20–40 years after conviction at trial); *United States v. Gordon,* 156 F.3d 376, 380–81 (2d Cir.1998) (finding that counsel's erroneous estimate of 120 months of incarceration if the defendant were convicted after trial was prejudicial

when in fact the defendant faced 262–327 months incarceration). Finally, prejudice may also be found if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing...." *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (citation omitted).

■ The Court finds that there is no basis to presume prejudice in this case. Percan was neither denied counsel at any critical point in his criminal proceedings nor is there any indication that his attorneys failed to vigorously defend Percan, particularly at his sentencing. Furthermore, the Court is not persuaded that the difference in sentence exposure that Percan is claiming is significant enough to support a presumption that Percan would have indeed pled guilty if he had received the advice he alleges he did not receive. The Court is mindful that there is no minimum amount of additional period of incarceration to warrant a finding of prejudice. *See Glover v. United States,* 531 U.S. 198, 203–04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). The Court, however, takes the difference in sentence exposure into consideration. *See id.* at 204, 121 S.Ct. 696 (stating that the additional incarceration time resulting from counsel's error can be considered when determining prejudice). The Court finds that Percan has failed to satisfy the second *Strickland* prong with regard to his allegation that he was not informed of the consequences of proceeding to trial. Accordingly, the Court rejects this basis of Percan's ineffective assistance of counsel claim.

### 2. *Criminal History*

■ Percan further asserts that his counsel was ineffective for failing to argue for a downward departure on the grounds that the PSR overstated Percan's Criminal History Category. (*See* Percan Motion at 8–10.) Specifically, Percan states that his

counsel failed to argue that his 1998 conviction for marijuana possession is related to the federal charges in this case, and therefore, should not have been counted as a separate offense. (Percan Motion at 8–10.) The Court finds that Percan's ineffective assistance of counsel claim on this point fails both prongs of *Strickland.*

The record is clear that Percan's defense counsel did argue that the PSR overstated Percan's Criminal History Category as level II. Prior to sentencing, Percan's attorney filed a motion for a downward departure with Judge Schwartz, arguing that the PSR overstated Percan's criminal history. (*See* Defendant Maurizio Percan's Motion For Downward Departure, dated March 3, 2000 ("Departure Motion").) During Percan's sentencing, his counsel argued the motion by reiterating the point that a downward departure to level I was warranted because Percan's prior offenses were minor and occurred more`than ten years ago. (*See* Sen. Tr. at 52:11–21.) Judge Schwartz rejected those arguments. (*See id.* at 72:1–8.) The Court thus finds that Percan's claim that his attorneys failed to argue this point to be meritless.

■ Furthermore, the failure of Percan's counsel to specifically argue that Percan's 1998 conviction for marijuana possession was related to the federal charges does not give Percan a basis to claim ineffective assistance of counsel. It is well settled that *Strickland* does not require counsel to raise every possible non-frivolous argument in representing a criminal defendant. *See, e.g., Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001); *Clark v. Stinson* 214 F.3d 315, 321–22 (2d Cir. 2000); *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). The determination of which arguments to put forth is within

counsel's discretion and constitutes trial strategy. It is not the role of the Court to second-guess counsel's strategic decisions. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("Judicial scrutiny of counsel's performance must be highly deferential."); *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987) (stating that defense counsel's failed strategy should not be second-guessed). It is only in instances when counsel pursued "clearly and significantly weaker" issues in lieu of "significant and obvious" issues that counsel's conduct may be found to be constitutionally deficient. *Mayo,* 13 F.3d at 533. Given the broad latitude that counsel is afforded in representing a client and the presumption that counsel's conduct met the minimum standard of "a reasonably competent attorney," the Court is persuaded that Percan has not satisfied the first element of the *Strickland* test. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052 (internal quotations and citation omitted); *Mason v. Scully,* 16 F.3d 38, 42 (2d Cir.1994).

The Court doubts the merit of the argument that Percan's 1998 conviction is related to the federal charges. The Sentencing Guidelines define a related offense as one that "occurred on the same occasion, ... were part of a single common scheme or plan, or ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, Commentary to Note 3. Because Percan's drug possession conviction does not fit into any of these categories, the Court finds no deficiency in the conduct of Percan's attorney for failing to raise this argument. *See United States v. Bauers,* 47 F.3d 535, 538 (2d Cir.1995) (stating that a district court has the discretion not to combine prior convictions if doing so would understate the seriousness of the offenses). Accordingly, Percan has not met his burden under the first *Strickland* prong on this point.

Although a petitioner's failure to rebut the strong presumption regarding counsel's conduct under the first part of the *Strickland* test obviates the need to consider prejudice under the second part, it is clear from the record that Percan suffered no prejudice. Percan asserts that he "had two prior offenses that created a Criminal History Score of II." (Percan Motion at 8.) The PSR, however, clearly indicates that Percan had *three* prior convictions: one for petit larceny in May 1987; another for assault in July 1987; and the marijuana possession conviction in 1998. (*See* Percan PSR at ¶ 84, 86, 88.) Probation assigned one point for each of these convictions, which yields a Criminal History Category of II. *See* Percan PSR at ¶¶ 84, 86, 88; U.S.S.G. Ch. 5 Pt. A. Under the Sentencing Guidelines, a total of 2 or 3 points will result in a Criminal History Category of II. *See* U.S.S.G. Ch.5, Pt. A. Thus, even if the 1998 conviction is considered related to the federal charges, as Percan claims that his attorney failed to argue, the Criminal History Category would remain at II. Accordingly, because the Court finds that Percan has not demonstrated any prejudice under the second prong of *Strickland,* his claim for ineffective assistance of counsel on this point fails.

### 3. *Acceptance of Responsibility*

Percan further asserts that his attorneys provided ineffective assistance because they failed to argue that a downward departure was warranted on the grounds that Percan had demonstrated an "extraordinary acceptance of responsibility." (*See* Percan Motion 10–11.) The record, however, contradicts Percan's claim. At sentencing, Percan's counsel clearly argued this point before Judge Schwartz when he stated: "it's fair to say that he has learned his lesson from all his actions, and has gone far to accept responsibility in large part for those actions." (Sen. Tr. at

59:1–17.) In response, Judge Schwartz ruled as follows:

> One of the other arguments that was made by [Percan's counsel] and I want to refer to it ... the fact that he [Percan] has accepted responsibility under the forfeiture, that this would qualify him for an acceptance of responsibility under the guidelines. I reject that. It is too late for that. Acceptance of responsibility in this case cannot be found where the defendant not only denied his guilt, and went to trial and vigorously denied it throughout trial, denied it right up past the time that the jury found him and his corporation guilty on all 17 counts ... therefore, I decline to grant him a deduction for acceptance of responsibility.

(Sen. Tr. at 70:19—71:8.) As the preceding passage makes clear, the argument for a downward departure based on acceptance of responsibility was raised and rejected. Thus, Percan's claim that his counsel was ineffective for failing to argue this basis for downward departure is baseless. The Court finds that Percan has not met his burden under either prong of *Strickland* on this point.

### 4. *Money Laundering*

In the present motion, Percan also argues that his counsel was ineffective for failing to argue for a downward departure on the basis that Percan's money laundering activities were outside the so-called "heartland" of money laundering. (*See* Percan Motion at 11–14.) As with the previous argument, the Court finds this argument to be without merit. The record indicates that Percan's attorneys did make this argument at various points. First, the

objection of Percan's defense counsel to the PSR's failure to consider a downward departure on the "heartland" basis was noted in the addendum to a revised PSR that Probation issued after the report was made available to the parties. (*See* Percan PSR at Addendum.) Probation rejected the argument and did not amend the PSR on this basis. (*See id.*) Second, in the written motion for downward departure, Percan's counsel submitted a lengthy argument for a departure based on the "heartland" notion. (*See* Departure Motion at 7–19.) Finally, at Percan's sentencing, counsel argued the same "heartland" basis for downward departure before Judge Schwartz. (*See* Sen. Tr. at 45–52.) It is thus clear that Percan's counsel argued for downward departure on this basis. In his motion and reply submissions to the Court, Percan fails to address any of these instances when counsel argued the "heartland" basis for downward departure. As previously discussed, the mere fact that counsel may not have argued every nuance of an argument is not a basis for relief on the grounds of ineffective assistance of counsel.[4]

Accordingly, because the record is clear that Percan's counsel did argue to the sentencing Court that Percan's money laundering was not in the "heartland" of typical money laundering activities, the Court finds that Percan has not demonstrated any deficient performance by his counsel, much less prejudice, under *Strickland*. The Court rejects his ineffective assistance of counsel claim on this point as well.

---

4. In light of counsel's extensive arguments for a downward departure based on the "heartland" notion, the Court likewise finds no deficiency in counsel's performance by not arguing for a retroactive application of the amended Sentencing Guidelines, as Percan asserts in his brief. (*See* Percan Motion at 12–14.) The Court agrees with the Government that the merit of this argument is questionable. *See United States v. Kim,* 193 F.3d 567, 578 (2d Cir.1999).

### 5. *The Loss Calculation*

 Percan also asserts that his counsel was ineffective for failing to object to the PSR's loss calculation that applied an upward adjustment in the offense level for laundering an amount in excess of one million dollars. (*See* Percan Motion at 11–14.) According to Percan, the evidence at trial established that he laundered less than one million dollars. (*See* Petitioner's Reply To Government's Opposition, dated Nov. 20, 2002, ("Percan Reply") at 5–6.) The Government counters with citations to the trial transcript establishing a conservative estimate of approximately 1.3 million dollars as the amount of money Percan laundered. (*See* Govt. Opp. at 25–26.)

The Court rejects Percan's claim on this point because the record is clear that Percan's counsel did in fact challenge the loss calculation. Defense counsel's objection to the PSR loss calculation was memorialized in the addendum to the PSR in the same fashion that the objection to failing to consider the heartland argument was noted. (*See* Percan PSR at Addendum.) At sentencing, counsel made reference to his objection to the PSR loss calculation and withdrew the objection after finding it to be "inappropriate." (*See* Sen. Tr. at 20.) Indeed, Judge Schwartz noted that Percan's counsel was accepting the PSR's loss calculation as being greater than one million dollars. (*See id.* at 21.) The fact that counsel initially objected to the amount of loss and then withdrew his objection is a matter of discretion that this Court will not second-guess unless it was a clear and significant error. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). The fact that the objection was made and then withdrawn demonstrates that the argument was contemplated and ultimately abandoned. This challenge to a strategic decision by trial counsel falls short of establishing a claim of ineffective assistance of counsel. *See United States v. Patasnik,* 89 F.3d 63, 67 (2d Cir.1996) (rejecting defendant's ineffective assistance of counsel claim after finding that the trial attorney did in fact argue errors in the loss calculation to be used for sentencing and co-defendant's trial provided factual basis for calculation).

Although a failure to object to errors in loss calculations can amount to ineffective assistance of counsel under *Strickland,* even when the actual sentence imposed is within a lower range the defendant is seeking, the Court finds no such errors in this case. *See Johnson v. United States,* 313 F.3d 815, 818–19 (2d Cir.2002) (finding ineffective assistance of counsel when defense attorney failed to argue the lack of evidence adduced at trial to support the loss amount calculated in the PSR). The Court agrees with the Government that the evidence adduced at trial supports a finding that Percan laundered in excess of one million dollars. Specifically, the testimony of the FBI agent assigned to investigate the financial dealings of Percan and his business established that a conservative estimate of the amount laundered was $1.29 million dollars. (*See* Trial Transcript, *United States v. Maurizio Percan and All In One Auto Parts, Inc.,* No. 98 CR 392, S.D.N.Y. Sept. 14–24, 1999 ("Trial Tr.") at 729:1–760:5.) That other evidence may have established a lower amount is a question of fact that is left to the discretion of the sentencing Court. *See United States v. Lucien,* 347 F.3d 45, 55 (2d Cir. 2003). This Court declines to revisit this determination in the present motion. *See United States v. Rizzo,* 349 F.3d 94, 97–98 (2d Cir.2003) ("Thus, a district court's choice between two permissible views of the evidence [when applying the Sentencing Guidelines] cannot be clearly erroneous."). Having found some evidentiary support for the Government's loss figure, the Court is satisfied that Percan has not suffered any prejudice under the second

prong of *Strickland.* Because Percan has failed to demonstrate a reasonable probability that the result would have been different had his counsel persisted with his objection to the loss calculation, the Court rejects Percan's claim of ineffective assistance of counsel on this point.

### 6. *Combination of Factors*

Percan further asserts that his counsel was ineffective for failing to argue for a downward departure based on the combination of the bases discussed above. (*See* Percan Motion at 12 n. 1; 14–17; Percan Reply at 5.) According to Percan, "there is no way to know what the court would do in looking at these factors in the light most favorable to the defendant." (Percan Motion at 17.) As the preceding discussion makes clear, the sentencing Court did consider, and ultimately rejected, all of these arguments—with the exception of the claim that Percan's counsel failed to advise him of the consequences of pleading guilty. In light of the Court's findings with respect to the specific arguments Percan has put forth, the Court is persuaded that Percan has not demonstrated that his counsel's representation was deficient under *Strickland* for failing to argue that a downward departure was warranted when considering these factors collectively. Accordingly, the Court rejects this basis for granting Percan's writ.

### 7. *Appellate Counsel*

██ Finally, the Court dismisses as moot Percan's claim of ineffective assistance of appellate counsel. Percan asserts that counsel for his appeal to the Second Circuit advised him not to raise the argument of ineffective assistance of trial counsel on his direct appeal. (*See* Percan Motion at 18; Percan Reply at 2–3.) Percan claims that appellate counsel's advice thus exposed Percan to the risk of procedural default under the Second Circuit's decision in *Billy–Eko v. United States,* 8 F.3d 111 (2d Cir.1993), and therefore, "Petitioner's concerns ... [would] go toally [sic] unaddressed." (Percan Reply at 3.) In *Billy–Eko,* the Second Circuit held that a claim of ineffective assistance of counsel is generally barred if not raised on direct appeal provided that: 1) the defendant is represented by new counsel on appeal; and 2) the claims of ineffective assistance of counsel are based solely on the trial record. *See Billy–Eko,* 8 F.3d at 115.

The Government did in fact argue that Percan's claims are procedurally barred under *Billy–Eko.* (*See* Govt. Opp. at 9–15.) However, by letter to this Court dated April 30, 2003, the Government withdrew this argument in light of the United States Supreme Court's intervening decision in *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), which abrogated *Billy–Eko.* The Government thus concedes that there is no procedural bar to Percan's claims. In light of the Government's position and the Supreme Court's holding in *Massaro,* this Court denies Percan's writ solely on the merits and without consideration of procedural default. Percan's concern of the alleged deficiency of his appellate counsel exposing him to procedural default is moot.

In light of the Court's findings with respect to Percan's substantive arguments of ineffective assistance of counsel, and in light of the fact that Percan had his arguments considered on the merits, the Court finds that Percan has not demonstrated any prejudice under the *Strickland* standard. *See Frederick v. Warden,* 308 F.3d 192, 197 (2d Cir.2002) (stating that *Strickland* applies equally to the conduct of appellate counsel) (citation omitted). Thus, the Court rejects Percan's arguments that his appellate counsel's performance was deficient.

For the foregoing reasons, the Court finds no merit to any of Percan's grounds for ineffective assistance of counsel. Percan's motion to vacate his sentence pursuant to § 2255 is denied.

### III. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that petitioner Maurizio Percan's ("Percan") petition for a writ of habeas corpus to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

As Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to close this case.

**SO ORDERED.**