Santiago PADILLA, Petitioner,

v.

John P. KEANE, Respondent.

No. 03 Civ. 0357(VM).

United States District Court,
S.D. New York.

Aug. 19, 2004.

Santiago Padilla, Staten Island, NY, pro se.

Jennifer Chung, New York County District Attorney's Office, New York City, for John P. Keane.

### DECISION AND ORDER

MARRERO, District Judge.

Pro se petitioner Santiago Padilla ("Padilla") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (" § 2254"). Padilla pled guilty pursuant to a 1996 plea agreement in New York State Supreme Court, New York County (the "trial court"), to manslaughter in the first degree in violation of New York Penal Law § 125.20, and was sentenced to an indeterminate prison term of 11 to 22 years. In the instant petition, Padilla claims that his decision to plead guilty was based on erroneous advice from counsel regarding his eligibility for parole, and that consequently, his case was prejudiced by ineffective assistance of counsel in violation of the Sixth Amendment. John P. Keane (the "State") opposes Padilla's petition and argues that Padilla's claims are unexhausted and in any event meritless because Padilla has failed to demonstrate the actual prejudice that is an element of his substantive claim. For the reasons set forth below, Padilla's petition is denied.

### I. BACKGROUND [1]

Padilla was arrested on July 10, 1994 for his role in the 1992 shooting and murder of

---

**1.** The factual summary that follows derives from the following documents in the record: Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, dated Aug. 13, 2001 (S.D.N.Y. Aug. 21, 2001); Memorandum of Law in Support of Answer Opposing Petition for a Writ of Habeas Corpus, dated July 14, 2004; *Padilla v. Keane,* No. 03 Civ. 0357, 2003 WL 22462004 (S.D.N.Y. Oct.29, 2003); Appendix in Support of Answer Opposing Petition for a Writ of Habeas Corpus ("App."). Except where specifically referenced, no further citation to these sources will be made.

three individuals. Padilla was charged with three counts of murder in the second degree in violation of New York Penal Law § 125.25[1]; one count of conspiracy in the second degree in violation of New York Penal Law § 105.15; one count of criminal possession of a weapon in the second degree in violation of New York Penal Law § 265.03; and one count of criminal possession of a weapon in the third degree in violation of New York Penal Law § 265.02[4]. On April 24, 1996, Padilla pled guilty to a reduced charge of first-degree manslaughter in exchange for a negotiated prison term and full satisfaction of the indictment. Under the terms of the agreement, Padilla waived any right to an appeal. On May 21, 1996, Padilla was sentenced to an indeterminate prison term of 11 to 22 years. Throughout his proceedings in New York Supreme Court, Padilla was represented by the same counsel.

Since his conviction, Padilla has claimed that his plea was based on an inaccurate prediction that he would be eligible for parole in six years and eight months. In an affidavit dated June 9, 1997, Padilla's counsel acknowledged his error, explaining that he had miscalculated Padilla's parole schedule and that consequently, Padilla had not received accurate information regarding when he would be eligible for parole if he pled guilty pursuant to the plea agreement.[2]

In March 1998, Padilla appealed his sentence to the New York Supreme Court, Appellate Division, First Department (the "Appellate Division"). In his appeal, Padilla alleged that, contrary to his admission at the plea allocution, he was innocent of all charges. He further contended that his plea was the result of undue pressure and difficult circumstances, and urged the Ap-

pellate Division to reduce his sentence "in the interest of justice." Padilla's conviction was affirmed without opinion. *See People v. Padilla,* 254 A.D.2d 847, 688 N.Y.S.2d 372 (1st Dep't 1998). Padilla did not seek leave to appeal the decision to the New York Court of Appeals. Under New York law, Padilla's conviction became final on November 14, 1998.

Following the conclusion of his direct appeal, Padilla filed the first of two *pro se* habeas petitions with this Court. Padilla's first petition, filed in 2000, alleged that his plea had been unlawfully induced or involuntarily made, and that he had been denied effective assistance of counsel in violation of the Sixth Amendment. In a Report and Recommendation dated December 4, 2000 (the "Report"), Magistrate Judge Andrew Peck found that Padilla's direct appeal had centered exclusively on the propriety of his sentence, and thus, the ineffective assistance and involuntary plea claims were unexhausted. *See Padilla v. Keane,* No. 00 Civ. 1235, 2000 WL 1774717 (S.D.N.Y. Dec. 4, 2000) The Report suggested that Padilla's petition be dismissed without prejudice as a consequence of his failure to fully exhaust the underlying claims in state court. The Report further noted that Padilla's claims should be brought before the state trial court as a collateral attack pursuant to New York Criminal Procedure Law ("CPL") § 440.10 ("§ 440.10"). After having received a copy of the Report, Padilla requested withdrawal of his habeas petition in order to file a § 440.10 application. In an Order dated December 19, 2000, this Court granted Padilla's request, adopted the Report, and dismissed Padilla's petition without prejudice to allow him

---

**2.** Counsel's affidavit states that based on the erroneous estimate of Padilla's eligibility for parole, Padilla was erroneously advised that

he would serve approximately six years of the 11 to 22–year sentence. (*See* App. at Ex. C.)

to exhaust his state court remedies. (*See* App. at Ex. H.)

Padilla subsequently filed a motion with the trial court to set aside his sentence under CPL § 440.20. In his motion, Padilla argued that his sentence was inappropriate given the circumstances surrounding his plea, and asked the state court for a sentence commensurate with the minimum term for manslaughter under New York Penal Law § 70.06. In response, the Assistant District Attorney assigned to Padilla's case (the "ADA") argued two grounds to deny Padilla's motion. First, the ADA explained that Padilla had previously raised his excessive sentence claim in his unsuccessful 1998 appeal to the Appellate Division, and thus, such a ruling on the merits procedurally barred him from raising it again.

Second, the ADA noted that the particular relief sought in Padilla's motion was not available under CPL § 440.20. The ADA argued that claims of ineffective assistance of counsel may be granted only through a CPL § 440.10 motion to vacate a judgment, and thus Padilla was not entitled to such relief by way of a § 440.20 motion to set aside his sentence. The trial court denied Padilla's motion on March 23, 2001, citing the reasons set forth by the ADA. (*See* App. at Ex. K.) Padilla subsequently petitioned the Appellate Division for further review of his § 440.20 claims and was denied leave to appeal to that court on June 28, 2001. *See People v. Padilla,* Ind. No. 8291/94, 2001 N.Y.App. Div. LEXIS 7287 (App. Div. 1st Dep't June 28, 2001).

Padilla filed the present petition for habeas relief with this Court on August 21, 2001.[3] In this petition, Padilla alleges that he was denied his right to effective assistance of counsel, and that his plea was based entirely on his counsel's erroneous promise that he (Padilla) would serve only six years of the 11 to 22-year sentence offered in the plea agreement. On April 27, 2004, while briefing on the instant petition was still pending, Padilla appeared before the New York State Division of Parole (the "Parole Board") for an initial release conference. During this appearance, the Parole Commissioner questioned Padilla on the details of his crime, his reasons for his participation in the murders, and his behavior since incarceration. Following the examination, the Parole Board denied Padilla parole and noted four factors as grounds for its decision: (1) the serious nature of Padilla's crime; (2) Padilla's escalating criminal history; (3) Padilla's lack of insight into his own criminality; and (4) the risk that an early release might so "deprecate the seriousness of ... [Padilla's] crime as to undermine respect for the law." (App. at Ex. O.) Padilla's next parole hearing is currently scheduled for June 2006.

## II. *LEGAL STANDARDS*

### A. *PETITION FOR HABEAS CORPUS*

■ A petitioner in custody pursuant to a state court judgment is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). The purpose of federal habeas review is to "assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." *United States ex rel. Radich v. Criminal*

---

**3.** The State's motion to dismiss the present petition as time barred was denied after the Court concluded that equitable tolling of the filing deadline was appropriate in this case. *See Padilla v. Keane,* No. 03 Civ. 0357, 2003 WL 22462004 (S.D.N.Y. Oct.29, 2003).

*Court of New York,* 459 F.2d 745, 748 (2d Cir.1972).

### 1. *Standard of Review*

Pursuant to the various sub-sections of § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, this Court's review is guided by certain restrictions on the nature and extent of review that a federal court can conduct in considering a habeas petition. Under § 2254, if a state court adjudicates a petitioner's federal claim on the merits, a federal court on habeas corpus review must defer to the state court's determination of that claim unless such adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ A state court adjudicates a petitioner's federal claim "on the merits," and thus triggers the highly-deferential AEDPA standard of review, when it: (1) disposes of the claim on the merits; and (2) reduces its disposition to judgment. *See Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). In so doing, the state court need not explicitly refer to either the particular federal claim or to any federal case law. *See id.* The only requirement is that the claim be finally resolved, with res judicata effect, on substantive rather than procedural grounds. *See id.* at 311.

### 2. *Factual Determinations by the State Court*

■ Under § 2254, factual determinations made by the state court are presumed to be correct, and the petitioner carries the burden to rebut this presumption by clear and convincing evidence. *See*

28 U.S.C. § 2254(e)(1). Consequently, this Court presumes that the factual findings of the New York courts are correct and will not set aside those findings unless "the material facts were not adequately developed" or the factual determinations are not fairly supported by the record. *Smith v. Mann,* 173 F.3d 73, 76 (2d Cir.1999).

### 3. *Exhaustion Doctrine*

■ Generally, a petitioner must have exhausted the remedies available to him in state court before seeking habeas corpus relief, unless there is no state corrective process or it otherwise appears that such process would be ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1). The Second Circuit employs a two-prong test to determine whether a habeas claim is exhausted. *See Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir.2003); *Mercedes v. Herbert,* No. 01 Civ. 1359, 2002 WL 826809, at *4 (S.D.N.Y. Apr.30, 2002). First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto,* 331 F.3d at 237 (citation omitted). Thus, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ Second, a habeas petitioner must have " 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citation omitted). It is not sufficient that a petitioner merely alleges the facts necessary for the federal claim or a similar state law claim. *See id.* In other words, "[t]he claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas peti-

tion." *Jones v. Keane,* 329 F.3d 290, 295 (2d Cir.2003) (citations omitted). A state defendant may "fairly present" his constitutional claim to a state court in a number of ways, including: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Daye v. Attorney Gen. of the State of New York,* 696 F.2d 186, 194 (2d Cir.1982) (*en banc*); *see also Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir.1984).

■ Notwithstanding this elaborate test, under certain limited circumstances a federal court retains discretion to entertain the merits of a petitioner's federal claim even if it is not exhausted in state court. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## B. *INEFFECTIVE ASSISTANCE OF COUNSEL*

■ To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a criminal defendant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. This burden entails overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotations and citations omitted). In effect, the defendant must indicate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, 104 S.Ct. 2052, and that he "failed to exercise the skills and *diligence* that a reasonably competent attorney would provide under similar circumstances." *Boria v. Keane,* 99 F.3d 492, 496 (2d Cir.1996) (citation omitted) (emphasis in original).

■ Once the first prong is satisfied, a defendant must then demonstrate actual prejudice to his case as a result of counsel's error. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *accord United States v. Campbell,* 300 F.3d 202, 214 (2d Cir.2002) (stating that both *Strickland* prongs must be met in order for a petitioner to prevail on an ineffective assistance of counsel claim). In the context of a guilty plea, this standard is read to require a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In assessing a habeas claim of ineffective assistance of counsel, this Court has noted the important role of the *Strickland* test in discouraging meritless appeals. *See Percan v. United States,* 294 F.Supp.2d 505, 511 (S.D.N.Y.2003) ("Criminal defendants asserting ineffective assistance of counsel are required to satisfy ... [the *Strickland* test] in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence."); *see*

also *Kimmelman v. Morrison*, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (referring to the *Strickland* test as "highly demanding"). In short, Padilla's carries a very heavy burden on this claim.

## II. *DISCUSSION*

 At the outset, the Court notes that Padilla's petition for habeas relief once again includes unexhausted claims that are subject to dismissal. Padilla's contention that his counsel failed to render effective assistance was never presented to the state court in a CPL § 440.10 motion, as recommended in the Report, and Padilla never submitted the question of an involuntary plea to either the Appellate Division or to the reviewing state trial court. Padilla's most recent application for state court review, the 2001 motion to vacate his *sentence* pursuant to CPL § 440.20, was an improper vehicle for his ineffective assistance claim, and constitutes a direct departure from the explicit instructions in the Report.[4] As discussed above, the failure to fully exhaust all claims raised prior to filing a federal habeas petition generally mandates dismissal. *See* 28 U.S.C. § 2254(b)(1); *Ayala v. Speckard*, 89 F.3d 91, 94 (2d Cir.1996) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)) ("[F]ederal courts will not consider a constitutional challenge that has not first been 'fairly presented' to the state courts.").

 Notwithstanding this procedural failure, the Court declines to remand Padilla's claim to state court for a second time. In the interest of judicial economy, the Court will exercise its discretion under § 2254 and address the merits of Padilla's unexhausted claims. *See* 28 U.S.C.

§ 2254(b)(2); *see also Aparicio v. Artuz*, 269 F.3d 78, 91 n. 5 (2d Cir.2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted").

 Applying the *Strickland* test to Padilla's claim, the Court finds that Padilla has failed to establish the requisite prejudice necessary for reversal of a state court conviction. Specifically, regardless of whether the admitted miscalculation by Padilla's counsel constitutes an unreasonable failure of professional legal standards, Padilla has not demonstrated a reasonable probability that, but for his counsel's error, he would not have pled guilty and would have instead elected to proceed to trial.

 There are several indicators that courts have relied upon to gauge the likelihood that a particular defendant would have chosen to face trial if he had been provided more accurate information from counsel. First, courts consider whether the record supports a finding that the defendant pled voluntarily. As a general rule, "a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings," *United States ex rel. Schmidt v. LaVallee*, 445 F.Supp. 1156, 1161 (S.D.N.Y.1977) (quoting *Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975)), and a plea will not be deemed involuntary "simply because [the] defendant ... [was] faced with the difficult choice of pleading or going to trial on more serious charges." *Id.* (citing *United States ex rel. Brown v. LaVallee*, 424 F.2d 457, 464 (2d Cir.1970)).

4. In addition, the State correctly points out that Padilla's reference to his ineffective assistance of counsel claim in his CPL § 460.15 motion for leave to appeal the trial court's § 440.20 denial does not qualify as exhaus-

tion of the claim because Padilla may not exhaust such a claim by raising it for the first time in a motion for discretionary leave to appeal. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

Where a defendant, like Padilla, has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them. *See Agyekum v. United States,* No. 01 Civ. 5808, 2002 WL 1000950, at *5 (S.D.N.Y. May 16, 2002) (citing *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Notably, the Second Circuit has emphasized that "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary." *See United States ex rel. Bullock v. Warden, Westfield State Farm for Women,* 408 F.2d 1326, 1330 (2d Cir.1969); *see also United States ex rel. Scott v. Mancusi,* 429 F.2d 104, 108 (2d Cir.1970). In sum, because plea procedures are carefully structured to guarantee that each defendant fully understands his choice, a petitioner alleging procedural flaws in the face of a satisfactory allocution must overcome a strong presumption that his initial choice was voluntary.

Second, courts weighing a *Strickland* claim against a guilty plea must assess the specific circumstances surrounding a defendant's decision. More specifically, the Second Circuit has suggested that when the evidence of a defendant's guilt is overwhelming, the burden of demonstrating prejudice to satisfy the second *Strickland* prong is virtually insurmountable. *See Strouse v. Leonardo,* 928 F.2d 548, 556 (2d Cir.1991) ("The evidence adduced at trial was so overwhelming that we cannot say there is a 'reasonable probability' that had the alleged errors in ... [counsel]'s performance not occurred 'the result of the proceeding would have been different.'") (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052); *United States v. Simmons,* 923 F.2d 934, 956 (2d Cir.1991) ("[G]iven the plethora of evidence against ... [the defendant], there is little reason to believe that alternative counsel would have fared any better.").

Similarly, where the defendant secured a significant strategic benefit by pleading guilty, courts are generally less likely to suspect an involuntary or misguided decision to plead. *See, e.g., Agyekum,* 2002 WL 1000950, at *7 (noting the various benefits the defendant secured); *Feliz v. United States,* Nos. 01 Civ. 5544, 00 Cr. 53, 2002 WL 1964347, at *7 (S.D.N.Y. Aug.22, 2002) (noting that the defendant's plea secured a three-point reduction for acceptance of responsibility and no enhancement for obstruction of justice). In effect, "no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial." *Feliz,* at *7 (citing *Moran v. United States,* No. 96 Civ. 3657, 1998 WL 54616, at *5 (S.D.N.Y. Feb.10, 1998)).

Finally, habeas courts consider whether a defendant has provided any new evidence to suggest that he would in fact have acted differently but for his attorney's flawed advice. For example, in *United States v. Guidice,* No. 02 Cr. 729, 2004 WL 1152539 (S.D.N.Y. May 21, 2004), the court rejected the petitioner's ineffective assistance of counsel claim and noted that the petitioner neither submitted an affidavit representing that he would have chosen to proceed to trial if properly informed by his counsel of possible errors in the plea agreement, nor had he identified any weaknesses in the Government's case that could have influenced his plea decision. *See id.* at *6. Similarly, in *Brown v. United States,* Nos. 95 Civ. 4368, 93 Cr. 291, 1996 WL 479248 (S.D.N.Y. Aug.23, 1996), the court found that counsel was not ineffective where the defendant did not even allege that he would have proceeded to trial but for counsel's alleged errors and because the defendant did not indicate either a specific investigation that should

have been conducted or a single piece of favorable evidence that might have been uncovered. *See id.* at *7. Put simply, conclusory unsworn allegations that a defendant *would* have chosen differently than he did are generally insufficient to establish actual prejudice under *Strickland.*

Against all of these factors, Padilla's petition fails to establish that his plea was unfairly prejudiced by his counsel's inaccurate promise of early parole review. Without his plea agreement, Padilla would have faced six (as opposed to one) counts altogether, and the possibility of three consecutive sentences of twenty-five years to life for the murder charges alone. By contrast, the actual sentence he secured was so generous that the judge presiding over his plea allocution even remarked on her own reluctance to endorse the "extremely lenient" sentence negotiated on Padilla's behalf. (App. at Ex. A.)

In addition, although the State does not discuss in its brief the strength of its case, Padilla has not indicated any weaknesses in the State's case that might have influenced his decision to proceed to trial, nor has Padilla submitted any type of sworn statement attesting that he would have chosen differently but for his counsel's error. Indeed, because Padilla never raised his claim of ineffective assistance of counsel during the course of his state proceedings, he has only recently connected his decision to plead guilty to counsel's mistake. Finally, the Court notes the Parole Board's recent decision as further evidence that Padilla was in no way prejudiced by his misunderstanding of his parole eligibility. The Court finds nothing in the record to suggest that Padilla would have been released earlier had he been granted a parole hearing under his counsel's miscalculated parole schedule.[5] Thus, Padilla has failed to demonstrate prejudice to satisfy the second *Strickland* prong.

Accordingly, the Court finds no merit to Padilla's request for relief. Padilla's § 2254 petition is denied.

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the petition of Santiago Padilla ("Padilla") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Because Padilla has failed to make a substantial showing of denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

5. Moreover, a close reading of counsel's affidavit indicates that the erroneous advice was that Padilla "would be *eligible* for parole" after serving approximately six years and that counsel estimated Padilla's sentence based on this assumption. (App. at Ex. C) (emphasis added). It should have been obvious to Padilla that eligibility for parole does not equate to a *guarantee* that he would actually be released after such time.