12-4628-cr
*United States v. Leon R. Yingst*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee*,

       v.                                                    No. 12-4628-cr

LEON R. YINGST,

     *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        DONNA R. NEWMAN, Law Office of Donna R. Newman, New York, NY.

**FOR APPELLEE:**        PAUL D. SILVER (Lisa M. Fletcher, *on the brief*), *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Albany, NY.

Appeal from a November 6, 2012 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED without prejudice to defendant's right to seek modification of the terms of his supervision before the District Court.**

Defendant-Appellant Leon Yingst appeals from the District Court's judgment convicting him, upon his guilty plea, of two counts of receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). Yingst was principally sentenced to a bottom-of-the-Guidelines sentence of 108 months' imprisonment on both counts and a 20-year term of supervised release. On appeal, Yingst argues (1) that the factual basis for his guilty plea was insufficient, (2) that his custodial sentence was procedurally and substantively unreasonable, (3) that his counsel at sentencing provided him ineffective assistance, and (4) that certain special conditions of his supervised release were unreasonable infringements on his liberty interests. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.     Factual Basis for Guilty Plea

We consider first Yingst's challenge to the factual basis for his guilty plea. As a general matter, we "review for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." *United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted). Where, as here, the defendant raises such a challenge for the first time on appeal, we review the claim only for "plain error," which requires that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Rule 11 of the Federal Rules of Criminal Procedure provides that, before entering judgment on a guilty plea, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In evaluating the factual basis for the plea, a district court need not make findings of fact or weigh evidence—which, in any event, is often absent if the guilty plea is entered before trial. *See United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). Instead, the district court need only "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id.* In making this determination, the district

court may consider not only the defendant's plea allocution, "but may look more broadly to any facts on the record at the time of the plea proceeding." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks omitted).

The record of the change-of-plea proceeding reflects a sufficient factual basis for Yingst's guilty plea. In that proceeding, Yingst admitted his guilt on both charges. App'x at 28. The government extensively detailed the proof it would have submitted had the case gone to trial, which included evidence of child pornography images on Yingst's computers and external hard drives, sharing of child pornography videos by Yingst's IP address, and, significantly, Yingst's confession to New York State Police investigators. *Id.* at 35-39. Though Yingst initially sought to minimize his culpability, Yingst repeatedly admitted his guilt when directly questioned by the Court. *Id.* at 40-42. On the basis of the record before us, we conclude that Yingst has failed to demonstrate plain error with respect to the District Court's determination that a factual basis supported his guilty plea.

## II.     Unreasonableness of Custodial Sentence

We turn now to Yingst's second challenge, concerning the procedural and substantive unreasonableness of the custodial sentence imposed upon him.

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see generally United States v. Park*, 758 F.3d 193, 199-202 (2d Cir. 2014).

Yingst argues that the District Court committed procedural error by failing to properly calculate his Guidelines range, failing to consider and weigh all of the § 3553(a) factors, failing to consider his non-frivolous arguments for a lighter sentence, failing to adequately explain his sentence, and treating the Guidelines as mandatory. Insofar as Yingst raises these objections for the first time on appeal, we review his challenges for plain error only. *United States v. Kimber*, 777 F.3d 553, 563 (2d Cir. 2015).

Yingst has failed to demonstrate error, plain or otherwise, with respect to his procedural unreasonableness challenges as to his term of imprisonment. Concerning Yingst's claims that the District Court failed to consider the § 3553(a) factors or his own arguments for a below-Guidelines sentence, the District Court assertedly considered the submissions of defense counsel, the

3

statements of the defendant himself, and the factors outlined in 18 U.S.C. § 3553(a).[1]  App'x at 89, 99.  Absent evidence to the contrary, we "presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *Kimber,* 777 F.3d at 565 (internal citation and quotation marks omitted).  Yingst's claim that the District Court failed to properly calculate his Guidelines sentence, and in particular the relevant enhancements, is also belied by the record.  Defense counsel explicitly agreed, *on the record*, with the Guidelines range calculated by the Court.  *See* App'x at 88.  Further, Yingst himself attested to facts sufficient to support the enhancements he now challenges related to number of images and violent or sadistic conduct.  Finally, Yingst has adduced no showing whatsoever that the District Court improperly treated the Guidelines as mandatory.  Rather, the record explicitly reflects the District Court's awareness that it could impose a "non-Guidelines" sentence and its conscious choice not to do so.  *See id.* at 89.

Yingst's substantive unreasonableness challenge to his custodial sentence is similarly unavailing.  The substantive reasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).  Yingst has failed to make the requisite showing that this bottom-of-the-Guidelines sentence "shock[s] the conscience," constitutes a "manifest injustice" or is otherwise substantively unreasonable. *Id.* at 124.

### III.     Ineffective Assistance of Counsel

Yingst additionally advances an ineffective assistance claim against his counsel at sentencing, arguing that, because of "confusion and unfamiliarity with the Federal Sentencing Guidelines," his counsel failed to vigorously object to the PSR's Guidelines computation.  Def. Br. at 61.  We evaluate ineffective assistance claims pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in which petitioner must (1) show that his counsel's representation "fell below an objective standard of reasonableness" and (2) "affirmatively prove prejudice." *Id.* at 688, 694.  The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Harrington v. Richter*, 562 U.S. 86, 105 (2011), since "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

In light of counsel's repeated objections to the Guidelines range and the enhancements and the evidence in the record supporting both, we find ourselves dubious of this claim.  Nonetheless, guided by Supreme Court and Second Circuit precedent discouraging resolution of ineffectiveness

---

[1] Contrary to Yingst's assertions that the District Court disregarded key jurisprudence, *see* Def. Br. at 41, the Court in fact entertained an on-the-record discussion of two Second Circuit cases, *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and *United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010), raised by Yingst in his pre-sentence submission. *See* App'x at 89-90.

claims on direct review, we dismiss this claim on the assumption that Yingst can pursue it in a *habeas* petition. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).

## IV. Unreasonableness of Supervised Release Conditions

Finally, Yingst challenges certain conditions of his supervised release as unreasonable deprivations of his liberty. *See* 18 U.S.C. § 3583(d)(2) (conditions should "involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes" of sentencing). Specifically, Yingst objects here, as he did before the District Court, to special conditions (a) prohibiting him from having direct or indirect contact with any minor, unless supervised by a probation officer, (b) prohibiting him from being present in areas where minors are likely to congregate, and (c) requiring him to comply with polygraph testing by the Probation Office. Yingst argues that these special conditions are not reasonably related to his offense and personal characteristics and not consistent with the purposes of sentencing. *See United States v. Germosen*, 139 F.3d 120, 131 (2d Cir. 1998) (conditions of supervised release must be "reasonably related to (i) the nature and circumstances of the offense and the history and characteristics of the defendant, and (ii) the purposes of sentencing, including the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed training or treatment" (internal quotation marks omitted)). With respect to Special Condition #2 prohibiting his direct or indirect contact with any minor, Yingst argues for the first time on appeal that this condition will render him "unable to communicate with his grandchildren, his relatives' grandchildren, and any other minor relative or family friend to whom he clearly poses no danger." Def. Br. at 57.

By operation of law, a District Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). At oral argument, defendant's counsel indicated that Yingst has not yet sought any modification of the conditions of his supervised release from the District Court. In light of the District Court's greater familiarity with the defendant's offense, history, and personal characteristics, it is undoubtedly better positioned than this Court to consider in the first instance a defendant's requests for modification of the terms of his supervision, especially where, as here, the defendant has raised new arguments. Accordingly, we dismiss Yingst's appellate challenge to the terms of his supervision without prejudice to his ability to seek recourse before the District Court for modification of the conditions of his supervision.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court without prejudice to Yingst's right to seek modification of the terms of his supervision before the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk