Jose PENA, Petitioner,

v.

UNITED STATES of America,
Respondent.

09-CR-0341 (VM)
09-CV-4261 (VM)

United States District Court,
S.D. New York.

Signed June 27, 2016

Elizabeth Edwards Macedonio, Elizabeth E. Macedonio, P.C., Ronald Leon Garnett, Law Offices of Ronald L. Garnett, New York, NY, for Petitioner.

Micah William Janso Smith, Timothy Donald Sini, United States Attorney Office, Laurie Ann Korenbaum, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Petitioner Jose Pena ("Pena") filed this motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his conviction and sentence. ("Motion," Dkt. No. 369.) Pena is currently serving a sentence of life imprisonment after a jury found him guilty of one count of conspiracy to commit murder for hire in violation of 18 U.S.C. Section 1958, two counts of murder for hire in violation of 18 U.S.C. Section 1958, and two counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. Section 924(j). Pena claims he was denied his Sixth Amendment right to the effective assistance of counsel and requests that his current sentence be vacated or, alternatively, that his case be remanded for an evidentiary hearing. Pena also challenges the legality of his sentence in light of Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague, (Id. at 4–5.) For the reasons discussed below, the Court DENIES Pena's Motion in its entirety.

## I. BACKGROUND[1]

By superseding indictment 09-Cr-341 ("Superseding Indictment") filed on April

---

1. The Court derives the factual and procedural summary below from the (1) Superseding Indictment dated April 17, 2013 (Dkt. No. 152); (2) Judgment in a Criminal Case dated December 19, 2014 (Dkt. No. 315); and (3) Petitioner's Brief in Support of his Motion, dated July 15, 2015 (Dkt. No. 369). Except

17, 2013 (Dkt. No. 152), the Government charged Pena with the following criminal offenses: (a) conspiracy to commit murder for hire, in violation of 18 U.S.C. Section 1958 ("Count Four"); (b) murder for hire, in violation of 18 U.S.C. Section 1958 and 2 ("Count Five and Six"); and (c) murder through use of a firearm during a crime of violence, in violation of 18 U.S.C. Section 924(j) and 2 ("Count Seven and Eight.")[2]

Ronald Garnett of the Law Offices of Ronald L. Garnett ("Trial Counsel") was retained as Pena's trial counsel and subsequently represented Pena in all pretrial proceedings and at trial.

Jury trial against Pena commenced on October 15, 2013. (See Dkt. Minute Entry for Oct. 15, 2013.) On October 29, 2013, the jury found Pena guilty on all counts. (See Dkt. Minute Entry for Oct. 29, 2013.)

The Court sentenced Pena on December 19, 2014 to life imprisonment on each count, to run concurrently. (See Dkt. Minute Entry for Dec. 19, 2014; Dkt. No. 315.) At his sentencing, Pena was represented by Elizabeth Macedonio of Elizabeth E. Macedonio, P.C. ("Sentencing Counsel").

Pena, through Sentencing Counsel, appealed his conviction to the United States Court of Appeals for the Second Circuit on January 14, 2015. (Dkt. No. 319.) The Second Circuit affirmed the judgment by Mandate dated June 20, 2016. (Dkt. No. 370.)

Pena filed the instant Motion on June 7, 2016. Pena alleges that he was denied his Sixth Amendment right to effective assistance of counsel because Trial Counsel: (1) failed to move for severance of his trial from that of his co-defendant and brother, Hector Pena ("Hector"); (2) failed to advise Pena during the plea bargain negotiation process that if he was convicted at trial, the charges carried mandatory life without release; (3) failed to argue at trial that prior to 2004, the murder for hire statute required the Government to prove that a telephone was used in interstate commerce; (4) failed to advise Pena that the ultimate decision whether to testify belonged to him; (5) was ineffective during cross-examination; (6) failed to object to the dismissal of a juror without questioning her; (7) failed to move to dismiss one of the 18 U.S.C. Section 924(j) offenses because both charges were tied to the same offense; and (8) failed to move for a continuance of the trial in order to obtain a new private investigator. Pena further alleges that he was denied his Sixth Amendment right to effective assistance of counsel because Sentencing Counsel failed to raise the claim that the jury was required to determine whether death did in fact result from Pena's involvement in the murder for hire as required by 18 U.S.C. 1958. (Dkt. No. 369.)

In addition, Pena argues that the United States Supreme Court's decision in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), voiding the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague, should be extended to the "residual clause" in 18 U.S.C. Section 924(j) which prohibits the use of a firearm in the furtherance of a violent crime. (Id. at 4–5.) Finally, Pena argues that pursuant to Johnson, murder for hire does not qualify as a crime of violence, and therefore his conviction for the 18 U.S.C. 924(j) offense must be vacated. For the reasons set forth below, the Court DENIES the Motion.

---

where specifically referenced, no further citation to these sources will be made.

**2.** The Court notes that Pena was not indicted on the remaining counts.

## II. LEGAL STANDARD

### A. SECTION 2255

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," or "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

■ The Court notes that Pena is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Pena's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

■ A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. Section 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

### B. SIXTH AMENDMENT

■ The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. Amend. VI; see also Kimmelman v. Morrison, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir.2001) ("Occasionally, the performance of defense counsel is so dismal that it ripens into the deprivation of counsel altogether and potentially violates the defendant's Sixth Amendment rights."). However, criminal defendants asserting ineffective assistance of counsel have a high threshold to meet "in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence." Percan v. United States, 294 F.Supp.2d 505, 511 (S.D.N.Y.2003); see also Kimmelman, 477 U.S. at 382, 106 S.Ct. 2574.

To prove ineffective assistance of counsel, the petitioner must satisfy a two-pronged test. First, he must show that "counsel's representation fell below an objective standard of reasonableness" according to "prevailing norms." Strickland v. Washington, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, he must "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693–94, 104 S.Ct. 2052.

■ First, in evaluating whether counsel's representation was deficient, counsel's performance is given a strong presumption of effectiveness, as courts recognize a "wide range of professional assistance." Id. at 689, 104 S.Ct. 2052; see also United States v. Yingst, 623 Fed. Appx. 17, 20–21 (2d Cir.2015) (stating that "[t]he standard for evaluating the adequacy of counsel's representation is 'a most deferential one,' since 'counsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonably professional judgment' ") (citations omitted). A petitioner cannot merely show that counsel made an error that had "some effect" on the result of trial, for "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Strickland, 466 U.S. at 693, 104 S.Ct. 2052. The errors in counsel's judgment must therefore be "so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." Regis v. United States, 665 F.Supp.2d 370, 371 (S.D.N.Y.2009) (citations omitted); see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987) (stating that the "benchmark for judging any such claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result").

■ Second, in evaluating whether counsel's errors prejudiced the outcome of the proceeding, the court must consider the totality of the evidence before the jury. Strickland, 466 U.S. at 693, 104 S.Ct. 2052. "[U]nlike the determination whether counsel's performance was deficient, [the prejudice inquiry] may be made with the benefit of hindsight." Morgan v. United States, No. 06 Civ. 1247, 2009 WL 1172849, at *5 (E.D.N.Y. May 1, 2009) (citing Lockhart v. Fretwell, 506 U.S. 364, 371–73, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)); see also Hill v. A.L. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (stating that "[t]he determination whether the error 'prejudiced' the defendant ... will depend in large part on a prediction whether the evidence likely would have changed the outcome of trial").

■ The standard of proof for the prejudice prong is less than a preponderance of the evidence. See Soto–Beltran v. United States, 946 F.Supp.2d 312, 317 (S.D.N.Y.2013). However, "some objective evidence other than defendant's assertions [is required] to establish prejudice." Pham v. United States, 317 F.3d 178, 182 (2d Cir.2003).

Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.... If it is easier to dispose of an effectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697, 104 S.Ct. 2052; see also Brown v. Artuz, 124 F.3d 73, 80 (2d Cir.1997) (declining to address the first prong of Strickland on the ground that the defendant could not satisfy the prejudice prong); United States v. O'Neil, 118 F.3d 65, 73 (2d Cir.1997) (same); Rodriguez v. Portuondo, No. 01 Civ. 0547, 2006 WL 2168314, at *7 n. 13 (S.D.N.Y. Aug. 1, 2006).

## III. DISCUSSION

### A. SIXTH AMENDMENT

The Court now turns to each of the nine (9) grounds brought pursuant to the Sixth Amendment as stated in Pena's Motion.

#### 1. Failure to Move for Severance

Pena claims that Trial Counsel was ineffective for failing to sever his trial from that of his brother, Hector, who was charged with an additional murder not involving Pena. At trial, the Government alleged that Hector and certain co-conspirators were hired by members of a drug

ring known as "Solid Gold" to murder Pedro Medina, a drug dealer operating on Manhattan's Lower East Side, in order to take over his territory ("Solid Gold Murder"). The Government further alleged that, less than two months later, Hector and Pena were both hired by a drug dealer named Jose Acosta ("Acosta") to murder Jose Suarez and Juan Carmona in revenge for the death of Acosta's brother during a drug robbery. A jury convicted Hector of three counts of murder for hire in violation of 18 U.S.C. Section 1958, two counts of conspiracy to commit murder for hire in violation of 18 U.S.C. 1958, and three counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. Section 924(j). Pena argues that because he was tried in the same proceeding as Hector, a large quantity of evidence concerning the Solid Gold Murder that would not have otherwise been admitted against Pena was introduced at trial. In addition, Pena argues that during the opening statements at trial the Government indicated that Pena was also involved in the Solid Gold Murder.

■■■■ The Court finds that Trial Counsel made a strategic decision not to move for severance of Pena's case from Hector's for separate trials. This strategic decision, whether wise in retrospect or not, is among those professional judgment calls that are "unchallengeable" under Strickland. 466 U.S. at 690, 104 S.Ct. 2052; see also Mayo, 13 F.3d at 533 (stating that a court reviewing an ineffective assistance of counsel claim "may not use hindsight to second guess [defense counsel's] strategy choices"). As the Supreme Court previously noted, an attorney's performance is given a strong presumption of effectiveness, as courts recognize a "wide range of professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

There is simply no evidence to suggest Trial Counsel's strategic decision was unreasonable, and certainly not enough evidence to suggest that the professional judgment call rose to the level of "ineffective." Id. In fact, given the integral and interconnected roles Pena and Hector played in the offenses of which they were found guilty, and the factual grounding of those convictions on essentially the same evidence, it is highly improbable that Pena would have satisfied the rigorous test to warrant severance. See Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (finding that severance is warranted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"); see also United States v. Werner, 620 F.2d 922, 928-29 (2d Cir.1980) (noting that "substantial prejudice" must be shown under Rule 14 because a "lesser showing would undermine the policies behind Rule 8 and essentially read that rule from the books"); United States v. Forde, 699 F.Supp.2d 637, 641 (S.D.N.Y.2010) (stating that "a defendant moving for severance under Rule 14 must prove 'facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial'") (quoting United States v. An–Lo, 851 F.2d 547, 556 (2d Cir.1988)); United States v. Ezeobi, No. 10–cr–669, 2011 WL 3625662, at *2 (S.D.N.Y Aug 17, 2011) ("'Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8 (a), since this type of prejudice will exist in any Rule 8(a) case.'") (quoting United States v. Sampson, 385 F.3d 183, 190 (2d Cir.2004)).

▮▮▮ Moreover, Pena has not made a showing that Trial Counsel's strategic decision, even if erroneous, prejudiced his case. He simply states that Trial Counsel's failure to sever his case prejudiced him. A decision to sever a trial is not a prerogative of counsel, but rests within the sound discretion of the court. See United States v. Rittweger, 524 F.3d 171, 179 (2d Cir. 2008) (stating that "[m]otions to sever under Rule 14 are committed to the sound discretion of the trial judge, and in seeking to overturn the denial of a Rule 14 motion, the defendant bears a heavy burden: in order to secure a reversal, he must show prejudice so severe that his conviction constituted a miscarriage of justice") (internal quotations omitted); see also United States v. Werner, 620 F.2d 922, 926 (2d Cir.1980) (finding that "the grant of relief under Rule 14 lies within the discretion of the trial judge and refusal to sever counts or defendants properly joined under Rule 8 will be reversed only if discretion was abused"). And, here, as noted above, the Court is not likely to have been persuaded that severance was called for. Pena's type of conclusory statement does not establish a "reasonable probability ... sufficient to undermine confidence in the outcome" of trial, as required under Strickland. 466 U.S. at 694, 104 S.Ct. 2052; see also Rosario v. Bennett, No. 01 Civ. 7142, 2002 WL 31852827, at *33 (S.D.N.Y. Dec. 20, 2002) ("Rosario does nothing but assert that an investigation might have revealed witnesses who might have supplied relevant testimony that might have been exculpatory. Such speculation satisfies neither Strickland's deficient performance nor prejudice prongs.").

In addition, the Court notes that it instructed the jury that it must find, beyond a reasonable doubt, that each defendant committed the acts charged in the Superseding Indictment. (Dkt. No. 259, Trial Tr. at 1578.)

The Court therefore rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's failure to seek severance of his trial from Hector's.

### 2. Failure to Advise Regarding Sentence Length

Pena claims that Trial Counsel was ineffective for failing to advise him, during plea bargain negotiations, that if he was convicted at trial, the charges carried a mandatory life sentence without release. Pena contends that although he knew that the charges carried a sentence up to life, he did not know that the Court had no discretion to sentence him to anything less than life. Pena claims that had he known, he would have accepted a plea bargain from the Government.

▮▮▮ The Court is persuaded that Trial Counsel's statements regarding Pena's sentence do not constitute an adequate basis for an ineffective assistance claim. Errors in counsel's predictions of a defendant's ultimate sentence under the Sentencing Guidelines generally do not support a determination of ineffective assistance of counsel. United States v. Sweeney, 878 F.2d 68, 70 (2d Cir.1989); see also Chukwurah v. United States, 813 F.Supp. 161, 166 (S.D.N.Y.1993) ("[P]etitioner argues that defense counsel misleadingly assured petitioner that his sentence would be less than 41 months. This contention does not suffice as a basis for an ineffective assistance claim as a matter of law."). Where a defendant is arguing that "counsel has misled him as to the possible sentence which might result from a plea of guilty, the issue is whether the defendant was aware of actual sentencing possibilities." United States v. Arteca, 411 F.3d 315, 320 (2d Cir.2005) (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)).

■ Moreover, Pena's assertion that he would have taken the Government's plea bargain had he known that the Court had no discretion as to his sentence represents yet another instance of the type of conclusory statements and bare speculation that fails to rise to the level of establishing a "reasonable probability ... sufficient to undermine confidence in the outcome" of Pena's case, as required under Strickland. 466 U.S. at 694, 104 S.Ct. 2052; see also Lafler v. Cooper, 566 U.S. ——, (2012) (stating that where "the ineffective advice led not to an offer's acceptance but to its rejection[,] [h]aving to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.")

The Court therefore rejects Pena's second claim that he was denied the effective assistance of counsel due to Trial Counsel's alleged failure to advise Pena during the plea bargain negotiation process that if he was convicted at trial, the charges carried mandatory life without release.

### 3. Failure To Argue that the Government Had to Prove Interstate Commerce

·Pena claims that Trial Counsel was ineffective for failing to argue that prior to 2004 the murder for hire statute required the Government to prove that a murder for hire scheme used a facility in interstate commerce, such as a telephone. Such proof, Pena argues, is the basis for this Court's jurisdiction.

■ The Court is persuaded that Trial Counsel made a strategic decision regarding the most effective way to address Pena's telephone call. Regardless of whether the strategic choice of Trial Counsel was effective, or whether Pena would have preferred a different strategy, Trial Counsel's failure to argue that Pena's call was wholly intrastate is not sufficient to support a finding that Trial Counsel was constitutionally ineffective.

■ Moreover, there is nothing in Pena's Motion that indicates a reasonable probability that had Trial Counsel made the argument that the call was within the state, the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Pena does not dispute that he made the telephone call in question, nor does he dispute that at the time of his trial the question of whether the elements of murder for hire included an interstate telephone call was unsettled in the Second Circuit. See United States v. Perez, 414 F.3d 302 (2d Cir.2005). Therefore, the Court finds that Pena did not suffer prejudice as a result of Trial Counsel's conduct.

Accordingly, the Court rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's alleged failure to argue that the murder for hire statute might have required the Government to prove that a telephone was used in interstate commerce.

### 4. Failure to Advise that Decision to Testify Belonged to the Defendant

Pena claims that Trial Counsel was ineffective for failing to advise Pena that the ultimate decision whether to testify belonged to him and not to counsel. Pena contends that he had a discussion with

Trial Counsel as to whether or not Pena should testify, and Trial Counsel stated that he did not want Pena to testify. Pena now claims that he did not know that he could override Trial Counsel's "decision." (Dkt. No. 369 at 20.) Pena argues that had he known, he would have taken the stand and testified to the following: (1) "he never told Sabino to call Chino to ask for more guns because Six-Seven had asked him to," (2) "Sabino cannot be trusted," (3) "[Sabino] lied all the time when they were together on the Street," and (4) "the only reason [Sabino] is testifying now is because he is trying to get out of all the trouble he is in and he never liked [Pena] in the first place." (Id. at 21.) Pena contends that this testimony would have changed the outcome of the trial because the telephone call is the "only thing that allegedly made this a federal crime." (Id.)

■ The Court is persuaded that Trial Counsel was not ineffective in allegedly failing to advise Pena that the decision to testify was Pena's. On its face, Pena's Motion makes clear that Trial Counsel was advising Pena on a strategic decision: whether or not it was in Pena's best interest to testify at trial. There is no indication in the Motion, nor has Pena provided any evidence, suggesting that Trial Counsel forced Pena not to testify at trial.

■ Moreover, Pena has not made a sufficient showing that Trial Counsel's advice, even if erroneous, prejudiced his case. The Court is persuaded that the evidence at trial regarding Pena's guilt was overwhelming and that the substance of the testimony that Pena would have given at trial would not have altered the outcome of this case.

The Court therefore rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's alleged failure to advise Pena that the decision to testify was Pena's.

### 5. Ineffective Cross-Examination

■ Pena claims that Trial Counsel was ineffective during the cross-examination of Bernardo Sabino ("Sabino"), a witness at trial who testified not only to hiring Pena but also to paying Pena the balance owed to him after the murders were complete. (Dkt. No. 369; see also Dkt. No. 249, Trial Tr. at 636-67.) Specifically, Pena argues that Trial Counsel failed to cross-examine Sabino on whether a telephone was used during Sabino's dealings with Pena.

After review of the transcripts in this case, the Court is persuaded that Trial Counsel's decision not to cross-examine Sabino as to his telephone use was strategic. Moreover, the Court finds that Trial Counsel's cross-examination of Sabino called into question Sabino's credibility as a witness and highlighted Sabino's propensity for criminal activity and lack of truthfulness. (Dkt. No. 251, Trial Tr. at 749-759.)

The Court therefore rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's alleged failure to cross-examine Sabino as to the telephone call.

### 6. Failure to Object to the Dismissal of a Juror

■ Pena claims that Trial Counsel was ineffective because he failed to object to the Court's dismissal of a sleeping juror. Pena contends that the Court should have questioned the juror as to whether she had in fact missed any part of the trial. As a result, Pena argues that he was denied "a jury of his choice." (Dkt. No. 369 at 28.)

Pena was entitled to a jury that was alert and focused on the proceedings. Trial Counsel's failure to object to the Court's dismissal of the sleeping juror, on repeated

occasions called to counsel's attention, would therefore have been inappropriate. The Court rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's failure to object to the dismissal of a sleeping juror.

### 7. Failure to Move to Dismiss One of the 18 U.S.C. Section 924(j) Offenses

■ Pena claims that Trial Counsel was ineffective because he failed to move to dismiss one of the counts charging Pena with violation of 18 U.S.C. Section 924(j). Pena argues that both charges were tied to the same offense and therefore Trial Counsel should have moved to dismiss one of the two counts.

Contrary to Pena's assertion, Count Seven of the Superseding Indictment states that Pena used a .38 caliber revolver to shoot and kill Jose Suarez whereas Count Eight states that Pena used a .38 caliber revolver to shoot and kill Juan Carmona. (Dkt. No. 152.) Having affirmed that Pena was not charged twice for the same offense, the Court rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's failure to move to dismiss one of the counts charging a violation of 18 U.S.C. Section 924(j).

### 8. Failure to Move for a Continuance of the Trial In Order to Obtain a New Private Investigator

■ Pena claims that Trial Counsel was ineffective because he failed to move for a continuance of the trial in order to obtain a new private investigator after the private investigator scheduled to testify on Pena's behalf was arrested prior to testifying.

The Court is persuaded that Trial Counsel's decision not to obtain a new private investigator was strategic. Again, the Court must afford Counsel's strategic deci-sion a strong presumption of effectiveness. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Pena puts forward no evidence to suggest that Trial Counsel's decisions were unreasonable or that a new private investigator would have created a reasonable probability that the verdict would have been different.

Accordingly, the Court rejects Pena's claim that he was denied the effective assistance of counsel due to Trial Counsel's failure to move for a continuance of the trial.

### 9. Failure to Raise the Claim that the Jury Must Determine Whether Death Resulted in Counts Five and Six

Pena claims that Sentencing Counsel was ineffective because she failed to raise the claim, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the jury must determine whether death did in fact result from Pena's conduct as required by 18 U.S.C. Section 1958.

■ Pena cites to the following section of the Supreme Court's decision in Apprendi: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

■ First, the Court notes that it correctly instructed the jury that the Government need not prove that a murder was in fact committed, or even that a murder was attempted, in order to find that Pena was guilty of murder for hire pursuant to 18 U.S.C. Section 1958. The Court charged the jury that the Government "must prove that the travel in interstate or foreign commerce or the use of the facility of interstate or foreign commerce was done with the intent to further or facilitate the commission of the murder." (Dkt. No. 259, Trial Tr. at 1602.)

Second, the Court notes that the jury did make a determination that a murder resulted from Pena's actions. The jury, having convicted Pena on Counts Seven and Eight, made the determination that Pena was a "substantial factor in causing the victim's death" and also that the victim was in fact murdered as defined by 18 U.S.C. Section 1111. (Id. at 1613.)

Accordingly, the Court rejects Pena's claim that he was denied the effective assistance of counsel due to Sentencing Counsel's failure to raise the claim that the jury was required to determine that· death resulted.

## B. JOHNSON CLAIM

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d .569 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to Section 922(g) of ACCA, faces a sentencing enhancement to a mandatory minimum of fifteen (15) years imprisonment if he has three or more previous convictions for a "violent felony." 18 ·U.S.C. Section 924(e)(1). A violent felony, as defined ·in the ACCA's residual clause, "involves conduct· that presents a serious potential risk of physical injury to another." 18 U,S.C. Section 924(e)(2)(B). Johnson voided this residual ·clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

Johnson strictly applies only to a defendant who is convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Pena was not convicted of being a felon in possession of a firearm pursuant to 922(g).

(See Dkt. No. 315.) Therefore, Johnson would not apply, and the Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has ,held that Johnson applies when a defendant· is sentenced as a career offender under Section 4B1.1 of the United States Sentencing Guidelines, if at least one of the ·prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809–11 (2d Cir.2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause ·is identical."). Again, Johnson is not applicable here because Pena was not sentenced as a career offender under Section 4B1.1. (Dkt. No. 315.)

Finally, Pena argues that pursuant to Johnson, murder for hire "categorically fails to qualify as a 'crime of violence'" as defined by 18 ·U.S.C. Section 924(c). (Dkt. No. 369 at 28-29.) The Court disagrees with Pena and finds that murder for hire falls squarely within the meaning of the term "crime of violence" by virtue of the elements of the offense. See United States v. Jones, 129 F.3d 718 (2d Cir.1997) (affirming defendant's conviction on all counts including conspiring to commit murder for hire and for use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. Sections 1958 and 924(c)); see also United States v. Gomez, 210 F.Supp.2d 465 (S.D.N.Y.2002) (affirming defendant's conviction for using and carrying firearms in relation to a crime of violence in violation of 18 U.S.C. Section 924(c), and conspiracy to commit murder for hire and substantive murder for hire, both in violation of 18 U.S.C. Section 1958).

## IV. CONCLUSION

This Court is persuaded that Trial Counsel and Sentencing Counsel effective-

ly litigated this case at every stage of the proceedings, and Pena cannot now second guess their decisions because he is unhappy that he was convicted.

Because the Court finds that Pena has not made a sufficient showing that Trial Counsel and Sentencing Counsel's representation fell below an objective standard of reasonableness and that he was affirmatively prejudiced as a consequence, the Court is satisfied that Pena's allegations have not met the high threshold set by Strickland, 466 U.S. at 688–94, 104 S.Ct. 2052. Moreover, the Court finds that Pena does not qualify for relief pursuant to Johnson. See 135 S.Ct. 2551 (2015). Accordingly, the Court denies the Motion.

## V. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 369) of petitioner Jose Pena ("Pena") to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Pena has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**