08-1576-pr
Gibson v. Artus

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand and ten.

PRESENT:

>AMALYA L. KEARSE,
>JOSÉ A. CABRANES,
>PETER W. HALL
>>*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEWITT GIBSON,

>*Petitioner-Appellant,*

>v.                                                                No. 08-1576

DALE ARTUS,

>*Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**          SALLY WASSERMAN, New York, NY.

1

**FOR RESPONDENT-APPELLEE:** ASHLYN DANNELLY, Assistant Attorney General of the State of New York (Andrew M. Cuomo, Attorney General of the State of New York, *on the brief*, Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, Priscilla Steward, Assistant Attorney General, *of counsel*), New York, NY.

Appeal from an Order of the District Court rejecting a petition for a writ of habeas corpus (Lawrence E. Kahn, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-Appellant Dewitt Gibson ("petitioner") appeals the March 21, 2008 judgment of the United States District Court for the Northern District of New York, *Gibson v. Artus*, Memorandum-Decision and Order, No: 9:04-CV-820 (LEK) (N.D.N.Y. Mar. 21, 2008), dismissing as time-barred claims raised in his amended petition, and argues that New York's persistent felony offender statute, N.Y. Penal Law § 70.10, violates the constitutional principles enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We assume the parties' familiarity with the facts and procedural history of this action.

We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *See, e.g.*, *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002). Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, federal habeas review of state court convictions has been narrowly circumscribed, *see Felker v. Turpin*, 518 U.S. 651, 654 (1996) (acknowledging that AEDPA "work[ed] substantial changes" to the ability of a federal tribunal to entertain a habeas petition). Where, as here, the challenged state court decision was adjudicated on the merits, the writ may not issue unless the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

I.

Petitioner's initial petition, filed on July 14, 2004, alleged, *inter alia*, that his trial counsel was ineffective because counsel failed to advise petitioner of his right, under New York law, to testify

2

before the grand jury.  In his amended petition for review, filed on June 7, 2007—more than three years after his state conviction became final—petitioner alleged, *inter alia*, that his counsel provided ineffective assistance because counsel failed to (1) raise a speedy trial challenge; (2) seek a dismissal of the indictment because the trial court refused to hold a preliminary hearing; and (3) seek a dismissal of the indictment because it did not bear petitioner's name.  The District Court dismissed the claims set forth in the amended petition as time-barred.

Because petitioner's amended petition was filed well after the one-year statute of limitations for habeas applications had run, *see* 28 U.S.C. § 2244(d)(1)(A), petitioner's claims are timely if they have a clear connection to the legal claims in the original petition, *see* Fed. R. Civ. P. 15(c) ("relation back" principle), or if petitioner can show that extraordinary circumstances warrant equitable tolling. *See, e.g.*, *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  Petitioner, however, does not argue before us that equitable tolling applies in his case, and therefore, we deem this issue foreclosed.  *See, e.g.*, *Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002).  Accordingly, we consider only whether petitioner's claims in his amended petition have a clear connection to the claims in his original petition. *See* Fed. R. Civ. P. 15(c).

An amendment to a pleading has a clear connection to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  Here, petitioner argues that the ineffective assistance claims related back to the original claims because each involves the grand jury stage of proceedings.  In *Mayle v. Felix*, the Supreme Court limited claims in an amended petition to those that arose from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence.  545 U.S. 644, 656-57 (2005).  *Mayle* forecloses petitioner's argument that the new claims relate back to the original claims simply because all involve the grand jury proceedings.  The three allegations at issue in the new petition—namely, counsel's failure to (1) raise a speedy trial challenge; (2) seek a dismissal of the indictment because the trial court refused to hold a preliminary hearing; and (3) seek a dismissal of the indictment because it did not bear petitioner's name—are in no way related to counsel's alleged failure to inform petitioner of his right to testify before the grand jury.  The claims in the amended petition, therefore, do not relate back to the claims in the original petition and are time-barred.

II.

Petitioner also argues that the state court's finding that he was a persistent felony offender within the meaning of N.Y. Penal Code § 70.10 offended his Sixth Amendment right to a jury trial. We recently upheld New York's persistent felony offender statute, as interpreted by the New York Court of Appeals, explaining that in the enactment of that statute, "predicate felonies alone expand

3

the indeterminate sentencing range within which [a] judge has the discretion to operate, and that discretion is cabined only by an assessment of defendant's criminal history." *Portalatin v. Graham*, 2010 WL 4055571, at \*20 (2d Cir. Oct 18, 2010) (in banc). Under the circumstances, the claim that New York's persistent felony offender statute violated petitioner's right to a jury trial under the Sixth Amendment is without merit.

## CONCLUSION

We reject all of defendant's claims on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

4