**Hector Raymond PENA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

09–CR–0341 (VM)
17–CV–3891 (VM)

United States District Court, S.D. New York.

Signed 06/30/2017

496

Hector Raymond Pena, Beaumont, TX, pro se.

Laurie Ann Korenbaum, Micah William Janso Smith, Timothy Donald Sini, U.S. Attorney's Office, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Movant Hector Raymond Pena ("Pena") filed this motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his conviction and sentence. ("Motion," Dkt. No. 376.) Pena is currently serving a sentence of life imprisonment after a jury found him guilty of three counts of murder for hire in violation of 18 U.S.C. Section 1958, two counts of conspiracy to commit murder for hire in violation of 18 U.S.C. Section 1958, and three counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. Section 924(j). Pena claims that: (1) he was denied his Sixth Amendment right to the effective assistance of counsel; (2) the court lacked jurisdiction to impose his sentence; and (3) he was denied his right to a speedy trial. Pena further requests that the Court hold the Motion in abeyance for 90 days so that he may complete his research and refine his arguments for relief. For the reasons discussed below, Pena's Motion is DENIED its entirety.

## I. BACKGROUND [1]

By superseding indictment S4 09–CR–0341 ("Superseding Indictment") filed April 17, 2013 (Dkt. No. 152), the Government charged Pena with the following criminal offenses: (1) conspiracy to commit murder for hire, in violation of 18 U.S.C. Section 1958 ("Counts One and Four"); (2) murder for hire, in violation of 18 U.S.C. Section 1958 and 2 ("Counts Two, Five, and Six"); and (3) murder through the use of a firearm during a crime of violence, in violation of 18 U.S.C. Section 924(j) and 2 ("Counts Three, Seven, and Eight").

Louis M. Freeman ("Freeman") of Freeman, Nooter & Ginsberg initially served as Pena's trial counsel. On February 16, 2012, Pena moved to substitute Freeman, citing a lack of trust and general displeasure with Freeman's approach to the case. (See Dkt. No. 88.) On February 24, 2012, the Court held a hearing on Pena's request and appointed Stanislao A. German ("German"), of the Law Offices of Stanislao A. German, to replace Freeman. (See Dkt. Minute Entry for Feb. 24, 2012.) German continued as Pena's trial counsel until August 23, 2013, when an irreconcilable scheduling conflict resulted in German's substitution. Steven R. Peikin was subsequently appointed to replace German and served as Pena's counsel until August 26, 2013, when Deveraux L. Cannick ("Cannick"), of Aiello & Cannick, was appointed.[2] (See Dkt. No. 173.) Cannick served as

---

1. The Court derives the factual and procedural summary below from (1) the Superseding Indictment dated April 17, 2013 (Dkt. No. 152); (2) the Judgment in a Criminal Case dated October 3, 2014 (Dkt. No. 309); and (3) Pena's Motion, filed May 22, 2017 (Dkt. No. 376). Except where specifically referenced, no further citation to these sources will be made.

2. Calvin H. Scholar of The C.H. Scholar Law Firm, PLLC, was retained as co-counsel on September 9, 2013. (See Dkt. No. 177.)

Pena's counsel for the remaining pretrial matters and at trial.

The jury trial against Pena commenced on October 15, 2013. (See Dkt. Minute Entry for Oct. 15, 2013.) On October 29, 2013, the jury found Pena guilty on all counts. (See Dkt. Minute Entry for Oct. 29, 2013.) The Court sentenced Pena on October 3, 2014 to life imprisonment on each count, to run concurrently. (See Dkt. Minute Entry for Oct. 3, 2014; Dkt. No. 309.) At his sentencing, Pena was represented by Jane Fisher–Byrialsen ("Byrialsen"), of Fisher, Byrialsen & Kreizer, PLLC. Pena, with the assistance of Byrialsen, appealed his conviction to the United States Court of Appeals for the Second Circuit on October 10, 2014. (Dkt. No. 310.) The Circuit Court affirmed the judgment by Mandate dated June 20, 2016. (Dkt. No. 370.)

Pena filed the instant Motion on May 22, 2017, asserting six grounds for relief: four rooted in the Sixth Amendment's guarantee of a criminal defendant's right to effective assistance of counsel; one concerning the sufficiency of the Government's evidence at trial; and one concerning Pena's right to a speedy trial. The Court refers to Pena's grounds as he has numbered them in the Motion.

Specifically, Pena alleges that he was denied his right to effective assistance of counsel because his trial counsel: (1) stipulated to a fact tending to establish the jurisdictional element of the murder-for-hire charges ("Ground Two"); (2) failed to oppose multiple continuances of the trial date, despite Pena's requests to do so ("Ground Four"); and (3) refused to present a defense and call witnesses, despite Pena's requests to do so ("Ground Five"). Pena further contends that Byrialsen provided ineffective assistance on appeal because she refused to help him research and present specific claims that he asked her to raise ("Ground Six").

Pena also challenges the sufficiency of the evidence presented to establish the jurisdictional element of the murder-for-hire statute ("Ground One"), and contends that his constitutional right to a speedy trial was violated ("Ground Three").

Pena requests that the Motion be held in abeyance until September 15, 2017, "to allow him to complete his research and arguments [sic] on the grounds raised within the [Motion]." (Motion at 16.) He asserts that lockdowns at the facility at which he is incarcerated have hindered his research and left him with little time to perfect his arguments.

For the reasons set forth below, the Court DENIES the Motion.

## II. DISCUSSION

The Court notes at the outset that Pena is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted). The Court must construe Pena's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir. 1983)).

### A. SECTION 2255

A person in federal custody may move to vacate, set aside, or correct his sentence if (1) it was imposed in violation of "the Constitution or laws of the United States";

(2) "the court was without jurisdiction to impose such sentence"; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

Under Rule 4 (b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. Section 2255 (2004); see also Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000).

■ "It is well established that a [Section] 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)). This "so-called mandate rule ... also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (citation and internal quotation marks omitted).

■ Furthermore, the Court "will not afford collateral review to claims that a petitioner failed properly to raise on direct review unless the petitioner shows (1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence." Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012) (internal citations omitted).

■ "Good cause" generally means "something external to the petitioner, something that cannot fairly be attributed to him." Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640

(1991). Mere "[a]ttorney ignorance or inadvertence is not 'cause,'" but a petitioner may establish cause by demonstrating that his counsel's performance was constitutionally deficient. Id. at 753–54, 111 S.Ct. 2546. To establish "prejudice," a petitioner must demonstrate that he suffered "actual and substantial disadvantage" implicating his constitutional right to a fair trial. See United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (emphasis in original).

■ "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Thus, a petitioner must demonstrate, "in light of all the evidence, [that] it is more likely than not that no juror would have convicted him." Id. at 623, 118 S.Ct. 1604 (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quotation marks omitted)).

### 1. Ground One is Barred by the Mandate Rule

■ Pena claims that his trial counsel stipulated to facts tending to establish the jurisdictional element of the murder-for-hire statute and, without that stipulation, the Court lacked jurisdiction to sentence him. In essence, Pena challenges the sufficiency of the Government's evidence as to the jurisdictional element of his murder-for-hire charges. Because Pena already raised this issue on direct appeal, the Court will not allow him another bite at the apple in this collateral proceeding. See Yick Man Mui, 614 F.3d at 53.

■ Pena was charged with murder for hire and conspiracy to commit that crime in violation of 18 U.S.C. Section 1958. A person can be convicted of murder for hire under Section 1958 if the Government proves beyond a reasonable doubt

that the defendant "us[ed] or cause[d] another ... to use ... any facility of interstate commerce" to commit the crime. A pay phone is a "facility of interstate commerce" if it is capable of making interstate or international calls. United States v. Perez, 414 F.3d 302, 304–05 (2d Cir. 2005).

Therefore, the Government sought to prove at trial that Pena communicated through a "facility of interstate commerce," namely, a pay phone situated in a Bronx parking lot, in the course of committing murders for hire. 18 U.S.C. Section 1958. To that end, the Government put forth witnesses who testified about the pay phone, who used it, and whether it was capable of making interstate or international phone calls; it also entered into a stipulation concerning the pay phone's capabilities.

Ramon Flores testified on direct examination that he had used the parking lot phone to contact a person in Connecticut. (See Oct. 17, 2013, Trial Tr., Dkt. No. 245, at 205:1–11.) Flores also testified to using the phone to speak with Pena in connection with Pedro Medina's murder. (See, e.g., id. at 228–29, 230, 250–51.) Jose Martes testified that the parking lot phone was capable of making international calls. (See Oct. 18, 2013, Trial Tr., Dkt. No. 247, at 457:12–458:9.) The parties stipulated to the following:

> [A] pay phone was installed in the vicinity of 731 Southern Boulevard, Bronx, New York in or about 1994 and remained in service until at least in or about 2002.... [A]ll pay phones in New York City including those providing service from in or about 1994 through in or about 2002 have the capability of placing and receiving long distance phone calls, including out of state and international phone calls.

(Oct. 17, 2013, Trial Tr., Dkt. No. 245, at Tr. 285:14–24.)

The jury convicted Pena on all counts. On appeal, Pena challenged the sufficiency of the Government's evidence as to the jurisdictional element of the murder-for-hire statute. In rejecting Pena's challenge, the Second Circuit found that not only did Pena stipulate to the fact that the pay phone at issue could place and receive interstate and international phone calls, but also at least two witnesses testified as to the phone's status as a facility of interstate commerce and to its use during murders. See United States v. Francisco, 642 Fed.Appx. 40, 44 (2d Cir. 2016).

In this Motion, Pena asserts that the stipulation was void, and therefore the "court lacked jurisdiction to impose the sentences [sic] in this case." (Motion at 4.) In other words, Pena challenges the sufficiency of the Government's evidence as to the jurisdictional element of the murder-for-hire statute. Because the Second Circuit already considered and rejected this very challenge, it is barred by the mandate rule. See Yick Man Mui, 614 F.3d at 53. Therefore, Pena is not entitled to relief on this ground.

### 2. Ground Three is Procedurally Defaulted

Pena claims that the Court violated his constitutional right to a speedy trial because it granted multiple exclusions of time under 18 U.S.C. Section 3161(h)(7)(A) without his consent "and to the peril of [his] defense." (Motion at 7.) Pena is not entitled to relief on this ground, however, because he failed to raise the issue on direct appeal. See Harrington, 689 F.3d at 129.

On direct appeal, Pena, through counsel, challenged the Court's denial of his request to adjourn the trial date to accommodate German's scheduling conflict. Francisco, 642 Fed.Appx. at 42–43. Pena

argued that the Court's decision, which led to German's substitution, denied him the counsel of his choice. Because he did not raise this claim on direct appeal, it is procedurally defaulted.

The next step of the inquiry, then, is whether Pena has properly shown good cause for the default and actual prejudice arising from it or, in the alternative, that he is actually innocent. Pena does not discuss why he failed to raise his speedy trial claims on appeal, but he does claim that his trial counsel was ineffective for failing to object to continuances. Ineffective assistance of counsel can constitute good cause, Coleman, 501 U.S. at 753–54, 111 S.Ct. 2546, but, as discussed below, Pena's claim in that regard is meritless. Because Pena also fails to provide a basis for a finding that his defense was prejudiced or that he is actually innocent, the Court will not now consider Pena's never-before-raised constitutional claim.

## B. SIXTH AMENDMENT RIGHT TO COUNSEL

■ The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. See U.S. Const. amend. VI; see also Kimmelman v. Morrison, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001) ("Occasionally, the performance of defense counsel is so dismal that it ripens into the deprivation of counsel altogether and potentially violates the defendant's Sixth Amendment rights."). However, criminal defendants asserting ineffective assistance of counsel must meet a high threshold "in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence." Percan v. United States, 294 F.Supp.2d 505, 511 (S.D.N.Y. 2003); see also Kimmelman, 477 U.S. at 382, 106 S.Ct. 2574.

■ To prove ineffective assistance of counsel, the petitioner must satisfy a two-pronged test. First, he must show that "counsel's representation fell below an objective standard of reasonableness" according to "prevailing norms." Strickland v. Washington, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, he must "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693–94, 104 S.Ct. 2052.

■ Counsel's performance is given a strong presumption of effectiveness, as courts recognize a "wide range of professional assistance." Id. at 689, 104 S.Ct. 2052; see also United States v. Yingst, 623 Fed.Appx. 17, 20–21 (2d Cir. 2015) (stating that "[t]he standard for evaluating the adequacy of counsel's representation is 'a most deferential one,' since 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonably professional judgment' ") (citations omitted). A petitioner cannot merely show that counsel made an error that had "some effect" on the result of trial, for "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Strickland, 466 U.S. at 693, 104 S.Ct. 2052. The errors in counsel's judgment must therefore be "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Regis v. United States, 665 F.Supp.2d 370, 371 (S.D.N.Y. 2009) (citations omitted); see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987) (stating that the "benchmark for judging any such claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied on as having produced a just result").

■■■■■■ In evaluating whether counsel's errors prejudiced the outcome of the proceeding, the court must consider the totality of the evidence before the jury. Strickland, 466 U.S. at 693, 104 S.Ct. 2052. "[U]nlike the determination whether counsel's performance was deficient, [the prejudice inquiry] may be made with the benefit of hindsight." Morgan v. United States, No. 06-CV-1247, 2009 WL 1172849, at *5 (E.D.N.Y. May 1, 2009) (citing Lockhart v. Fretwell, 506 U.S. 364, 371–73, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)); see also Hill v. A.L. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (stating that "[t]he determination whether the error 'prejudiced' the defendant ... will depend in large part on a prediction whether the evidence likely would have changed the outcome of trial"). The standard of proof for the prejudice prong is less than a preponderance of the evidence. See Soto–Beltran v. United States, 946 F.Supp.2d 312, 317 (S.D.N.Y. 2013). However, "some objective evidence other than defendant's assertions [is required] to establish prejudice." Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003).

■■■ A petitioner must satisfy both prongs to obtain relief, but the Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one. ...." Strickland, 466 U.S. at 697, 104 S.Ct. 2052 ("If it is easier to dispose of an effectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see also Brown v. Artuz, 124 F.3d 73, 80 (2d Cir. 1997) (declining to address the first prong of Strickland on the ground that the defendant could not satisfy the

prejudice prong); Rodriguez v. Portuondo, No. 01-CV-0547, 2006 WL 2168314, at *7 n. 13 (S.D.N.Y. Aug. 1, 2006).

Pena asserts five claims for relief based on ineffective assistance of counsel. First, Pena asserts that his trial counsel was ineffective for agreeing to a stipulation that established that all pay phones in New York City between 1994 and 2002 were capable of interstate and international calls. Second, Pena claims that one of his three trial attorneys was ineffective for failing to object to multiple exclusions of time under 18 U.S.C. Section 3161(h)(7)(A). Third, Pena asserts that one of his three trial counsel refused to present a defense and call witnesses as Pena requested. Fourth, Pena contends that his appellate counsel refused to help him research and present claims that he wanted to raise on appeal. Fifth, Pena asserts that his trial counsel failed to present a defense and call witnesses. Pena is not entitled to relief as to any of his claims of ineffective assistance of counsel.

### 1. The Stipulation

Pena claims that trial counsel was ineffective for allowing a stipulation into the record that tended to establish the jurisdictional element of 18 U.S.C. Section 1958. As discussed above, the Second Circuit found that the Government's evidence was sufficient to establish the jurisdictional element. See Francisco, 642 Fed.Appx. at 44.

■■■■■ The Court need not address whether counsel's performance was deficient if it is clear that the defendant suffered no prejudice as a result of counsel's alleged error. See Strickland, 466 U.S. at 697, 104 S.Ct. 2052. In this case, even if trial counsel's performance was deficient, a decision to stipulate to facts that the Government went on to establish through mul-

tiple witnesses' testimony likely had little effect on the trial's outcome. The Government presented ample witness testimony to establish that the pay phone at issue was a "facility of interstate commerce." Because Pena fails to demonstrate that there is a reasonable probability that the result would have been different in the absence of the challenged stipulation, Pena fails to satisfy the prejudice prong of the Strickland test.

 Although the Court need not consider counsel's performance in light of a clear lack of prejudice to the defendant, it finds that counsel's performance in this case was not deficient. The Court finds that trial counsel made a strategic decision to agree to the challenged stipulation. Decisions about whether to make evidentiary objections and agreements about what evidence should be admitted generally fall within counsel's professional judgment. See New York v. Hill, 528 U.S. 110, 115, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). The standard under Strickland is highly deferential, 466 U.S. at 689, 104 S.Ct. 2052, and trial counsel's strategic decision to allow the challenged stipulation was well within the realm of reasonable professional judgment.

The Court therefore rejects Pena's claim that he was denied effective assistance of counsel because counsel agreed to the challenged stipulation.

### 2. Failure to Object to Continuances

Pena claims that his right to effective assistance of counsel was violated because counsel failed to object to "multiple time exclusions, over [Pena's] request to do so." (Motion at 8.) Pena does not name the attorney whose assistance he challenges, nor does he specify a particular continuance with which he takes issue.

A court may grant a continuance under 18 U.S.C. Section 3161(h)(7)(A) on its "own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government," but the court's discretion to grant a continuance under the provision is limited by the requirement that it must articulate on the record its "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. Section 3161(h)(7)(A). In determining whether to grant a Section 3161(h)(7)(A) continuance, the court must consider, among other factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.... [and]

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. Section 3161(h)(7)(B).

 Whether a defendant consents to exclusion of time is not a factor that the court must consider. See United States v. Lynch, 726 F.3d 346, 355 (2d Cir. 2013).

Peña was initially indicted on April 7, 2009, along with five other defendants, as a primary figure in a conspiracy to commit three murders for hire, among other crimes, in relation to a drug-trafficking enterprise. Pena waived extradition from the Dominican Republic and made his first appearance in this Court on June 10, 2011. From that time until trial, which commenced on October 15, 2013, the Court granted 11 continuances, and denied one. The Government moved four times for continuances that the Court granted under Section 3161(h)(7)(A) without objection from Pena or his counsel. The Court granted three of those continuances to allow the Government to produce, and the defendants to review, discovery. Pena "took no position" on the fourth continuance, which the Court granted over his co-defendant's objection.

The parties jointly requested three continuances, and Pena consented to two others, all of which the Court granted under Section 3161(h)(7)(A). (See Dkt. Nos. 61, 72, 74, 139, 142.) On April 26, 2013, Pena vigorously objected, both on his own initiative and through counsel, to a continuance that the Government sought after it filed the Superseding Indictment, which added a completely new defendant. (See Dkt. Minute Entry dated Apr. 26, 2013; Apr. 26, 2013, Conf. Tr., Dkt. No. 161, at 26:12–13.) The Court granted that continuance under Section 3161(h)(7)(B)(ii) and (iv), over Pena's objection and the objection of the newly added defendant. The Court then set a trial date of October 15, 2013, and warned all parties that it would not allow any further delay.

By letter dated August 21, 2013, German requested another continuance. Citing an irreconcilable scheduling conflict, German asked the Court to reschedule the trial to a date in February 2014. The Court denied the request.

The Court finds that each of the attorneys who represented Pena made strategic decisions when not objecting to the Court's exclusions of time under 18 U.S.C. Section 3161(h)(7)(A). "[C]ontinuances are '[s]cheduling matters' that are 'plainly among those for which agreement by counsel generally controls.'" Lynch, 726 F.3d at 356 (quoting Hill, 528 U.S. at 115, 120 S.Ct. 659). Decisions such as these are therefore among those professional judgment calls that are "unchallengeable" under Strickland. 466 U.S. at 690, 104 S.Ct. 2052; see also Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (stating that a court reviewing an ineffective assistance of counsel claim "may not use hindsight to second guess [defense counsel's] strategy choices"). Pena makes no showing that any of his attorneys made an unreasonable strategic decision to refrain from objecting to any of the continuances that the Court granted in this case.

The Court further finds that, even if his counsel had erroneously failed to object to any one of the continuances entered in this case, Pena was in no way prejudiced. For each continuance granted under Section 3161(h)(7)(A), the Court was obligated to make a finding that Pena's interest in a speedy trial was outweighed by the ends of justice served by the continuance. There is no evidence to suggest that Pena's desire for a speedier trial was buttressed by anything other than his general interest in a speedy trial. The Court was obligated to consider that interest and find it outweighed by the ends served by the continuance. Thus it is highly unlikely, given the nature and complexity of the case, that an objection to any one of the continuances would have been successful.

The Court therefore rejects Pena's claim that he was denied the effective assistance of counsel on this ground.

### 3. Byrialsen's Failure to Raise Certain Claims on Appeal

 Pena contends that Byrialsen provided ineffective assistance on appeal because she refused to help him research and present certain claims, thereby forcing him to assert them, unsuccessfully, in a pro se brief. (Motion at 13.) Because appellate counsel "need not advance every argument, regardless of merit, urged by the appellant," Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), appellate counsel's "failure to include a meritless argument does not fall outside the 'wide range of professionally competent assistance' to which [a defendant is] entitled." Aparicio, 269 F.3d at 99 (quoting Jameson v. Coughlin, 22 F.3d 427, 429–30 (2d Cir. 1994)).

The Second Circuit rejected as meritless all of the claims that Pena raised in his pro se brief. In that brief, Pena raised three claims: (1) that the Government failed to meet its evidentiary burdens as to the pecuniary gain and jurisdictional elements of 18 U.S.C. Section 1958; (2) that the Court "abused its discretion by admitting testimony regarding and photographs of the condition of the victims' bodies when they were discovered"; and (3) that 18 U.S.C. Section 1958 is unconstitutional.

As to Pena's first claim, the Second Circuit found that the Government presented "ampl[e]" evidence of pecuniary gain that was "plainly sufficient to sustain the jury's verdict with respect to the pecuniary gain element." Francisco, 642 Fed.Appx. at 43–44. The same was true for the jurisdictional element. See id. The Second Circuit found Pena's second challenge to be meritless in light of the substantial probative value of the evidence at issue. See id. at 44–45. The Second Circuit also rejected Pena's "cursory argument" that Section 1958 is unconstitutional, noting that it had previously rejected a challenge similar to Pena's "on the ground that the regulation of a facility of interstate commerce falls squarely within Congress's Commerce Clause power." Id. at 45.

Byrialsen, on the other hand, raised just one claim: that the Court abused its discretion and denied Pena the counsel of his choice when it denied Pena's request to adjourn the trial date to accommodate German's scheduling conflict. The Court finds that Byrialsen's strategic decision to pursue only this claim, even if it turned out to be erroneous, was not objectively unreasonable. In many circumstances, quality is far more important than quantity, and counsel must exercise sound professional judgment as to where to focus their arguments. As such, the Court, under Strickland's "highly deferential" standard, will not, with the benefit of hindsight, second-guess Byrialsen's appellate strategy. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.

The Court therefore rejects Pena's claim that he was denied effective assistance of appellate counsel.

### 4. Counsel's Refusal to Present a Defense and Call Witnesses

Pena seeks relief on the ground that "[c]ounsel refused to present a defense, and call witnesses against the government[']s case, after specifically being asked to do so." (Motion at 13.)

 Pena had at least three lead trial counsel; he does not specify which one of them failed to "present a defense" or "call witnesses." Pena does not describe the defense or defenses that his counsel failed to raise, nor does he name the witnesses that his counsel failed to call or what their testimony would have entailed. Pena does not provide any details about what he asked his counsel to do, and utterly fails to demonstrate how his counsel's alleged failure in these regards prejudiced his de-

fense in light of the overwhelming evidence of his guilt. See Strickland, 466 U.S. at 693, 104 S.Ct. 2052. In short, Pena's conclusory claim does not rise to the level of establishing a "reasonable probability ... sufficient to undermine confidence in the outcome" of his case. Id. at 694, 104 S.Ct. 2052.

The Court therefore rejects Pena's fifth ground for relief.

## C. AMENDMENT IS FUTILE

Pena attaches to the Motion a request that the Court hold it in abeyance until September 15, 2017, to allow him to complete his research and arguments on the grounds raised in the Motion. After carefully reviewing the Motion, attached exhibits, and the record of prior proceedings, the Court denies Pena's request because any amendment of the grounds raised in the Motion would be futile.

Rule 15(c) of the Federal Rules of Civil Procedure "governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired." Ching v. United States, 298 F.3d 174, 181 (2d Cir. 2002); see also Mayle v. Felix, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) ("It is well-settled that the Federal Rules of Civil Procedure, and specifically Rule 15 governing amendments of pleadings, apply to habeas petitions.") "Under Rule 15(c), an amendment is timely if it 'relates back' to the original habeas motion." Ching, 298 F.3d at 181. Otherwise time-barred grounds asserted in an amended motion will relate back to the original petition "so long as the original and amended petitions state claims that are tied to a common core of operative facts ...." Mayle, 545 U.S. at 664, 125 S.Ct. 2562. Time-barred grounds asserted in an amended petition that do not "have a clear connection to the legal claims of the original petition" will not relate back to the

original petition and therefore will not be timely. Gibson v. Artus, 407 Fed.Appx. 517, 519 (2d Cir. 2010).

Courts should grant "leave [to amend] freely when justice so requires," but need not grant it when amendment would be futile. Fed. R. Civ. P. 15(a); see also Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Pena filed his petition approximately one month prior to the expiration of the one-year limitations period under 28 U.S.C. Section 2255(f). The limitations period is not a jurisdictional bar, and is therefore subject to equitable tolling. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). Equitable tolling permits a court to entertain an otherwise untimely Section 2255 motion under "rare and exceptional circumstances." Id. at 82–83. Here, Pena attaches to the Motion a letter that describes an activity schedule for two days spanning May 13 and May 14, 2017 to be followed during institutional lockdown at the penitentiary in which he is incarcerated. (Motion at 18.) Pena asserts that lockdowns have prevented him from fully researching and articulating his claims, but he does not state how long he has been hindered in researching or preparing the Motion, and he does not state how the lockdowns have affected his efforts to prepare the Motion. Pena presents no facts demonstrating that "exceptional circumstances" warrant the Court's acceptance of any time-barred grounds for relief.

The Court finds that an amendment would be futile because (1) it is plain on the face of the Motion that Pena is not entitled to relief on any of the grounds that he asserts and (2) Ground Five is so devoid of factual context that any proposed amendment to it effectively would be an entirely new ground for relief, which the

Court declines to entertain because any such ground would be time-barred and equitable tolling does not apply.

## III. CONCLUSION

This Court finds that Ground One is barred by the mandate rule. The Court further finds that Ground Three is procedurally defaulted and, because Pena fails to establish cause for the procedural default and prejudice resulting therefrom or argue that he is actually innocent, the Court declines to consider Ground Three. This Court further finds that Pena's counsel effectively litigated this case at every stage of the proceedings. Pena provides no facts demonstrating that he received objectively unreasonable representation and no facts suggesting that he was prejudiced as a result. As such, Pena's claims fall short of Strickland's high bar. Accordingly, the Court denies the Motion.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 376) of petitioner Hector Pena ("Pena") to vacate, set aside, or otherwise correct his conviction and sentence under 28 U.S.C. Section 2255 is **DENIED**.

As Pena has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Court certifies under 28 U.S.C. Section 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**